In re JESSE O'DANIELL.
No. A-1340.   Opinion Filed May 6, 1913.
S. B. Garrett and S. J. Castleman, for petitioner.
Smith C. Matson, Asst. Atty. Gen., for the State.

PER CURIAM. The petition for writ of habeas corpus discloses the fact that petitioner is confined in the county jail of Jackson county under and by virtue of two separate commitments issued on two separate judgments rendered in the county court of said county against him for violations of the prohibitory law. The petitioner avers that his imprisonment is illegal in that the two sentences as a

matter of law run concurrently, not being made cumulative by the judgment of the court, and petitioner having been confined a sufficient length of time to thus execute and satisfy both sentences is therefore entitled to be discharged. The record shows the first judgment was rendered at the January term, and the second at the May term.

By numerous decisions of this court it has been held that if the defendant has been convicted of two or more offenses before the judgment and sentence in any one has been executed and satisfied the imprisonment under one sentence is to commence on the execution of the other, whether or not the judgment and sentence so recites.

Our Penal Code provides:  (Sec. 2818.)

"When any person is convicted of two or more crimes, before sentence has been pronounced upon him for either, the imprisonment to which he is sentenced upon the second or other subsequent conviction, must commence at the termination of the first term of imprisonment to which he shall be adjudged, or at the termination of the second or other subsequent term of imprisonment, as the case may be."

The application of the petitioner fails to show that the judgment and sentence under which he is imprisoned has been executed or satisfied, or that he is entitled to release. Hence, the writ of habeas corpus is denied.