## Ex parte CHARLES HOLDEN.

No. A-5561.   Opinion Filed July 2, 1925.
(237 Pac. 622.)

134

Moss & Keller, for petitioner.

Charles Hill Johns, Asst. Atty. Gen., for the State.

BESSEY, P. J.  On the 11th day of March, 1918, the petitioner, Charles Holden, was convicted of manslaughter in the district court of Cleveland county, with his punishment fixed at confinement in the penitentiary for a term of four years. The petitioner sought to set aside this conviction in an appeal filed in this court.  Pending this appeal the petitioner was released on bond, and on the 16th day of September, 1918, he pleaded guilty in the district court of Jackson county to a charge of manslaughter in the first degree, upon which plea the court rendered judgment assessing his punishment at imprisonment in the penitentiary for a term of 99 years.  A little more than a year later petitioner dismissed his appeal from the conviction for the first offense, and a mandate was issued by this court, ordering the sheriff of Cleveland county to enforce the penalty assessed by the district court of that county.  No action was taken to enforce this mandate, presumably because the petitioner was in the penitentiary for a term equivalent to the duration of his natural life.

In 1923 the Governor of this state issued the petitioner a parole, suspending the confinement imposed by the district court of Jackson county; and in 1924 the Acting Governor issued the petitioner a complete pardon for the offense for which he was serving sentence, whereupon petitioner was set at liberty by the warden of the penitentiary. On the 17th day of November, 1924, petitioner was again arrested and incarcerated in the penitentiary, upon authority of the mandate issued, ordering the enforcement of the

penalty imposed by the Cleveland county district court, where he is now confined and serving such sentence.

The petitioner contends that after the issuance of the mandate by this court in the first conviction the two sentences ran concurrently, and that, since the petitioner has served more than six years in the penitentiary since the issuance of this mandate, he is now entitled to his liberty.

It was held by this court in Ex parte Alexander, 5 Okla. Cr. 196, 113 P. 993, that the time fixed for the execution of a sentence or the commencement of its execution is not one of its essential elements, * * * so that where the penalty is imprisonment the sentence may be satisfied only by the actual suffering of the imprisonment imposed, unless remitted by death or some legal authority. The court in that case held further that where a convicted defendant has not served his sentence he may be arrested and ordered into custody on the unexecuted judgment following the rule announced in Ex parte Eldridge, 3 Okla. Cr. 499, 106 P. 980, 27 L. R. A. (N. S.) 625, 139 Am. St. Rep. 967.

At the time of the commencement of the term of confinement prescribed in the second conviction the first had not commenced. Nor did the mere issuance of a commitment in the first put it in operation. The commitment would not so operate before its delivery to the warden of the penitentiary, and that was not until late in 1924, after the petitioner had been given his liberty upon the second conviction.

It seems to be the legislative policy of this state that all offenders shall suffer the penalty assessed according to the verdict and judgment of conviction, and where penalties are assessed in different cases, the statute, section 2774, Comp. Stat. 1921, provides:

"If the defendant shall have been convicted of two or

more offenses, before judgment on either, the judgment may be that the imprisonment upon any one may commence at the expiration of the imprisonment upon any other of the offenses."

Section 2782, Id., provides:

"If the judgment is for imprisonment in a state prison, the sheriff of the county or subdivision must, upon receipt of a certified copy thereof, take and deliver the defendant to the warden, superintendent or keeper of the state prison. He must also deliver to the warden or other proper officer a certified copy of the judgment and take from the warden or other proper officer a receipt for the defendant and make return thereof to the court."

Section 2303, Id., provides:

"When any person is convicted of two or more crimes, before sentence has been pronounced upon him for either, the imprisonment to which he is sentenced upon the second or other subsequent conviction must commence at the termination of the first term of imprisonment to which he shall be adjudged or at the termination of the second or other subsequent term of imprisonment, as the case may be."

Since it has been held by this court, in the Alexander and Eldridge Cases, supra, that the exact time of the commencement of the term of imprisonment is directory only, it would seem that, in any case, whether the sentences be in the same or different courts, they should never run concurrently. As to whether sentences should run concurrently in the absence of an express declaration in the judgment one way or another, the authorities are not in accord, due in part to statutory provisions. Annotations to 5 A. L. R. 380. Dickerson v. Perkins, 182 Iowa, 871, 166 N. W. 293, 5 A. L. R. 374; Zerbst v. Lyman, 255 F. 609, 5 A. L. R. 397; In re Walsh, 37 Neb. 454, 55 N. W. 1075; People ex rel. Newton v. Tombley, 228 N. Y. 33, 126 N. E. 255.

Impelled by the former holdings in this court in the

Alexander and Eldridge Cases, the express and implied provisions of the statutes quoted, and what appears to be the better reasoning in the cases cited, we hold that the terms of the two sentences of imprisonment did not run concurrently, and that the petitioner will not be entitled to his liberty until after he has served the term of imprisonment imposed in the first conviction by the district court of Cleveland county, beginning after he obtained his liberty from the other sentence.

The writ is denied.

DOYLE and EDWARDS, JJ., concur.