## Ex parte DOCK SMITH.

No. A-5974. Opinion Filed Jan. 9, 1926.
Rehearing Denied March 6, 1926.
(242 Pac. 284.)

See, also, 30 Okla. Cr. 111, 235 P. 554.

John B. Ogden, for the petitioner.

The Attorney General, for the State.

BESSEY, P. J.  In the application for the writ it is made to appear that the petitioner was convicted of three separate violations of the prohibitory law, in the county court of Carter county.  On the 30th day of April, 1925, a commitment was issued, based upon one of these convictions, reciting that the petitioner was on the 13th day of October, 1924, adjudged guilty of unlawful possession of intoxicating liquor, and that he was adjudged to pay a fine of $250 and costs, amounting to $35, and to serve a term of 90 days in the county jail; another commitment, bearing date of April 23, 1925, recites that on the 22d day of October, 1924, the petitioner was adjudged guilty of the unlawful possession of intoxicating liquor, with a fine assessed at $100 and costs, taxed at $41.25, and to serve a term in the county jail; a third commitment, bearing date of

April 30, 1925, recites that on the 6th day of October, 1923, the petitioner was adjudged guilty of the unlawful possession of intoxicating liquor, with a fine assessed at $50 and costs, amounting to $34.75, with confinement in the county jail for a period of 60 days.

The petitioner claims that he has served the longest of the jail sentences named in these commitments, and that, since none of the commitments designate the time of the commencement of the jail sentence, the periods of imprisonment named run concurrently, and that, since he has served the longest term named in any of the commitments, and has tendered the balance of the fine and costs due under the terms of this particular commitment, he is entitled to his liberty.

To this petition the Attorney General has interposed a demurrer to the effect that, upon the facts stated, the petitioner is not entitled to the relief sought.

It has been held that the time fixed for the execution of a sentence, or the commencement of its execution, is not one of its essential elements, and that, where the penalty is imprisonment, the sentence may be satisfied only by the suffering of the actual imprisonment imposed. Ex parte Alexander, 5 Okla. Cr. 196, 113 P. 993; Ex parte Eldridge, 3 Okla. Cr. 499, 106 P. 980, 27 L. R. A. (N. S.) 625, 139 Am. St. Rep. 967.

Since the rendition of these decisions, the Legislature, in 1913, enacted a statute (section 6332, Comp. Stat. 1921) providing that the fine and costs are a part of the penalty, and if not paid "shall" be enforced by imprisonment. Since the enactment of this statute, it follows that in every judgment where a penalty of imprisonment is imposed, with fine and costs, the portion relating to fine and costs automatically becomes a

part of the judgment as a whole, and, to satisfy such judgment, in addition to the period of imprisonment named, a further period of confinement shall be added to satisfy the fine and costs, unless and except the accused satisfy the fine and costs by actual payment. In re O'Daniell, 9 Okla. Cr. 720, 131 P. 963; Ex parte Miller, 27 Okla. Cr. 96, 225 P. 184; Ex parte Holden, 31 Okla. Cr. 133, 237 P. 622.

The fine and costs may be satisfied by payment in money, but, if the person convicted fails to make such payment, the statute provides that such fine and costs shall be enforced by imprisonment, until the total amount of the fine and costs are satisfied at the rate of $1 a day.

Now where there are a series of convictions and judgments thereon, bearing in mind that our statute contemplates that each judgment shall be satisfied separately, and applying such provisions to this case, it would seem logical for the sheriff to confine the accused upon the first conviction for the period of imprisonment therein named, followed by confinement for the fine and costs therein named, in the event the same are not paid; that at the end of that period of confinement, the imprisonment named in the judgment upon the second conviction, and imprisonment for the fine and costs therein, would begin and terminate in like manner; and so with the third. This conclusion is deduced from and based upon the decisions cited and the provisions of sections 6332, 2782, 2774, and 2303, Comp. Stat. 1921.

Decisions to the contrary in other states, and in this state prior to the passage of the 1913 statute herein referred to, will not control in the face of the policy outlined in the statutes and decisions cited.

We hold, therefore, that under the conditions here shown the periods of imprisonment do not run concurrently, and that the first judgment must be satisfied in full before the second can be held to begin, and the second, before the third.

The demurrer of the Attorney General is sustained, and the writ denied.

DOYLE and EDWARDS, JJ., concur.