## FRANK HALBERT v. STATE.

No. A-5512. Opinion Filed Sept. 25, 1926.
Rehearing Denied Nov. 20, 1926.
(250 Pac. 436.)

E. C. Patton and Joe Adwon, for plaintiff in error.

Geo. F. Short, Atty. Gen., and Leon S. Hirsh, Asst. Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was convicted in the district court of Canadian county for the larceny of domestic fowls in the nighttime, and his punishment fixed at imprisonment in the penitentiary for a term of 5 years.

Briefly stated, it appears from the record that on the night of April 7, 1924, a number of chickens was stolen from the hen house of Otto Griffin, said hen house was 25 or 30 yards from the residence, fenced in, and on the premises of the dwelling house. Griffin discovered his loss the next morning, and, upon search, found the tracks of two men, and the track of a Ford car with certain peculiarities of tread in some plowed ground back of the hen house. He traced this to a road leading to Oklahoma City, and then notified the police in El Reno; they communicated with the Oklahoma City police, who discovered defendant and a co-defendant named Klein unloading the chickens at the Phillips Produce Company. The police questioned defendant and Klein, and defendant gave his name as Jackson, and stated that he was a farmer and lived near Calumet, in Canadian county. They were taken to the police station and again questioned. Defendant admitted his name was not Jackson, but then claimed it was Manning, and that he purchased the chickens from Griffin. Griffin identified the chickens.

Upon the trial, defendant testified that he loaned the truck with which the chickens were carried, to Klein, his co-defendant; that he met Klein that morning in Oklahoma City, but did not know the chickens were stolen.

No exceptions were taken to any of the instructions. The only assignment of error argued is that the evidence is insufficient to sustain the verdict, it being contended there is no proof showing that defendant had possession of the stolen chickens, but that the evidence shows the guilt of his co-defendant, who pleaded guilty to the charge. It is true that the proof of the guilt of the defendant is circumstantial, but certainly evidence that he furnished the truck with which the chickens were transported and assisted in disposing of them early on the morning after they were stolen, that he gave a fictitious name when questioned, and gave a false explanation of his connection with his co-defendant and claimed to have acquired the chickens by purchase, utterly refutes his testimony.

If this evidence is not sufficient, then few cases resting on circumstantial evidence will ever be affirmed. The jury evidently disbelieved his testimony, as they were thoroughly warranted in doing. The punishment assessed is severe. It ought to be severe. The thief who prepares himself, as the evidence here discloses, to prey upon the country, by robbing hen roosts by night as a business should receive substantial punishment.

The case is affirmed.

BESSEY, P. J., and DOYLE, J., concur.