## Ex parte FRANK HALBERT.

No. A-7619.   Opinion Filed Nov. 8, 1929.
(282 Pac. 478.)

168

Shirk, Danner & Phelps, for petitioner.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for respondent.

EDWARDS, P. J. This is an original proceeding in habeas corpus. From the petition, the return, the evidence, and stipulated facts, it appears that petitioner was convicted in the district court of Canadian county on a charge of assault with intent to rape and was sentenced to serve a term of four years in the state penitentiary. He appealed from that judgment to this court and the judgment was affirmed. Halbert v. State, 18 Okla. Cr. 378, 195 Pac. 504. The judgment, among other things, provided that the sentence should begin upon the delivery of petitioner to the warden of the state penitentiary. Thereafter, petitioner was paroled and for some time was at liberty on the parole. The parole was revoked and a commitment issued to the sheriff of Canadian county, where

it lay for a considerable time without being executed. Petitioner was again convicted in the district court of Canadian county on a charge of theft of domestic fowls and was sentenced to serve a term of five years in the penitentiary. He appealed from that judgment to this court and the judgment was affirmed and mandate issued. Halbert v. State, 35 Okla. Cr. 329, 250 Pac. 436. Petitioner was delivered to the warden of the state penitentiary at McAlester, Okla., on November 20, 1926, on the first sentence above referred to, that for assault with intent to rape, and the warden receipted for him. Thereafter, on December 16, 1926, the warden received the commitment on the second sentence above referred to, that of five years for theft. He receipted for the petitioner also upon that sentence, although he was in his custody on the prior sentence. Soon thereafter petitioner was booked as serving the second sentence, and upon the expiration of the time required to be served to satisfy the second sentence, he was issued a release upon that sentence. He is now being held under the commitment on the first sentence. Petitioner contends that under this state of the record the sentences ran concurrently and that both have been discharged by the service of time in the penitentiary as stated. The question presented is: Does a person sentenced to the penitentiary upon different convictions and at different terms of court, wherein the sentence provides that they shall begin upon the delivery of the person convicted to the warden of the state penitentiary, serve such sentences concurrently.

Sections 2303 and 2774, Comp. St. 1921, are as follows:

"2303. * * * When any person is convicted of two or more crimes, before sentence has been pronounced upon him for either, the imprisonment to which he is sent-

enced upon the second or other subsequent conviction must commence at the termination of the first term of imprisonment to which he shall be adjudged, or at the termination of the second or other subsequent term of imprisonment, as the case may be.

"2774. * * * If the defendant [shall] have been convicted of two or more offenses, before judgment on either, the judgment may be that the imprisonment upon any one may commence at the expiration of the imprisonment upon any other of the offenses."

These statutes were under consideration in the case of Ex parte Bell, 34 Okla. Cr. 354, 246 Pac. 893, citing Ex parte Smith, 33 Okla. Cr. 175, 242 Pac. 284; Ex parte Ray, 18 Okla. Cr. 167, 193 Pac. 635. The substance of the holding in the Bell Case is that where a person is convicted of two or more crimes, before he is sentenced in either, the sentence in the second or subsequent conviction must commence on the termination of the first, unless the judgment and sentence in the second or subsequent conviction expressly provides that it shall run concurrently with the imprisonment for the first conviction. That is, where two or more convictions are had before sentence has been pronounced upon either, the trial court has the power to provide that the imprisonment upon the second or subsequent conviction shall run concurrently with the imprisonment upon the first. This court has nowhere held that the sentences can be made to run concurrently under any other condition. Ex parte Jess O'-Daniell, 9 Okla. Cr. 720, 131 Pac. 963; Ex parte Holden, 31 Okla. Cr. 133, 237 Pac. 622; Ex parte Smith, 33 Okla. Cr. 175, 242 Pac. 284; Ex parte Strader, 37 Okla. Cr. 255, 257 Pac. 1112; Ex parte Hudson, 44 Okla. Cr. 142, 279 Pac. 711.

The time fixed for the commencement of the execution of a sentence is not one of its essential elements,

and the specifying in the sentence of the time when it shall commence is in the nature of an award of execution. The essential part of the judgment is the punishment and the amount thereof, without reference to the time when it shall be executed. The time fixed for the execution is directory and not controlling except in cases under sections 2303 and 2774, Comp. St. 1921, above quoted, where a defendant has been convicted of two or more offenses before judgment on either. The rule here applied is that of the common law, in substance that where the judgment and sentence is imposed for a certain term, and where from any cause the time elapses without the imprisonment being endured, it is still a valid, subsisting, and unexecuted judgment to be satisfied only by the actual suffering of the imprisonment imposed, unless remitted by death or by some legal authority. The expiration of time without imprisonment is in no sense an execution of the sentence. Ex parte Eldridge, 3 Okla. Cr. 499, 106 Pac. 980, 27 L. R. A. (N. S.) 625, 139 Am. St. Rep. 967; Ex parte Alexander, 5 Okla. Cr. 196, 113 Pac. 993; Ex parte Holden, supra; Ex parte Smith, supra.

The only authority for concurrent sentences under our law must be derived from sections 2303 and 2774, Comp. St. 1921, supra. The power is granted the trial court on the conditions therein named. In all other cases the sentences are consecutive. This case does not fall within the terms of the statute, and the sentences therefore must run consecutively.

The warden of the penitentiary did not follow the proper practice in this case; when petitioner was received at the penitentiary, under the commitment issued upon the first conviction, the assault with intent to rape case, he should have been rebooked upon that charge. When the commitment upon the second conviction, the theft

case, was received, he should have been booked upon that charge to begin upon the expiration of the charge in the prior case. In Ex part Smith, supra, it was said:

"Where there are a series of convictions and judgments thereon, the accused should be incarcenated upon the first conviction for the period of imprisonment therein named, followed by confinement for the fine and costs named, in the event the same are not paid; at the end of that period of confinement, the imprisonment named in the judgment upon the second conviction and imprisonment for the fine and costs therein, would begin and terminate in like manner, and so on."

The petitioner in this case is entitled to credit upon the sentences imposed for all the time since he was delivered to the warden of the penitentiary. Time should be applied first to the satisfaction of the fine and costs under the first conviction upon which he was received, the assault with intent to rape case. After that sentence has been satisfied, the additional time served by him should be applied to the satisfaction of the judgment in the second case, the theft case, and the books of the penitentiary should be corrected accordingly.

It being evident that the sentences in the two cases have not been satisfied, the writ is denied.

DAVENPORT and CHAPPELL, JJ., concur.