## Ex parte TOM RICE.

No. A-7458.   Opinion Filed June 10, 1930.
(289 Pac. 360.)

Mathers & Mathers, for petitioner.

The Attorney General, for the State.

CHAPPELL, J. Petitioner alleges that he was convicted in the county court of Oklahoma county in cases Nos. 6808, 6879, 6898, and 7007, respectively; that he failed to perfect his appeal in No. 6808, and that an alias warrant was issued for his arrest on the 21st day of January, 1927, which warrant was returned, "not found in Oklahoma county"; that on or about the 5th day of May, 1928, he was arrested and committed to the Oklahoma county jail to serve his sentences received in Nos. 6879, 6898, and 7007, and that he has served the sentences imposed in said cases and a warrant of release has been issued to the sheriff of Oklahoma county on such cases, and that he is being restrained of his liberty by the sheriff of Oklahoma county in cause No. 6808.

Petitioner contends that his sentence in No. 6808 began upon the date of his incarceration on or about the 5th day of May, 1928, although, due to the omission or mistake of the court clerk of Oklahoma county, commitment was not issued in said case until about the 14th day of July, 1928, and that, by reason of the error or omission of the clerk, he served the sentence in 6808 concurrently with the sentences in 6879, 6898, and 7007.

Section 2303, C. O. S. 1921, provides as follows:

"When any person is convicted of two or more crimes, before sentence has been pronounced upon him for either, the imprisonment to which he is sentenced upon the second or other subsequent conviction must commence at the termination of the first term of imprisonment to which he shall be adjudged, or at the termination of the second or other subsequent term of imprisonment, as the case may be."

This court had under consideration the precise question raised by the defendant in the case of Ex parte Hal-

bert, 45 Okla. Cr. 167, 282 Pac. 478. In the body of the opinion this court said:

"The time fixed for the commencement of the execution of a sentence is not one of its essential elements, and the specifying in the sentence of the time when it shall commence is in the nature of an award of execution. The essential part of the judgment is the punishment and the amount thereof, without reference to the time when it shall be executed. The time fixed for the execution is directory and not controlling except in cases under sections 2303 and 2774, Comp. St. 1921, above quoted, where a defendant has been convicted of two or more offenses before judgment on either. The rule here applied is that of the common law, in substance that where the judgment and sentence is imposed for a certain term, and where from any cause the time elapses without the imprisonment being endured, it it still a valid, subsisting, and unexecuted judgment to be satisfied only by the actual suffering of the imprisonment imposed, unless remitted by death or by some legal authority. The expiration of time without imprisonment is in no sense an execution of the sentence. Ex parte Eldridge, 3 Okla. Cr. 499, 106 Pac. 980, 27 L. R. A. (N. S) 625, 139 Am. St. Rep. 967; Ex parte Alexander, 5 Okla. Cr. 196, 113 Pac. 993; Ex parte Holden, supra [31 Okla. Cr. 133, 237 Pac. 622]; Ex parte Smith, supra [33 Okla. Cr. 175, 242 Pac. 284]. The only authority for concurrent sentences under our law must be derived from sections 2303 and 2774, Comp. St. 1921, supra. The power is granted the trial court on the conditions therein named. In all other cases the sentences are consecutive. This case does not fall within the terms of the statute, and the sentences therefore must run consecutively."

For the reasons stated, the writ is denied.

EDWARDS, P. J., and DAVENPORT, J., concur.