## W. RILEY MILLER v. STATE.

No. A-8813.  May 31, 1935.
(45 Pac. [2d] 769.)

Joe S. Eaton, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Jess L. Pullen, Asst. Atty. Gen., for the State.

EDWARDS, J.  Plaintiff in error, hereinafter called defendant, was convicted of conjoint robbery in the district

court, Okmulgee county, and was sentenced to a term of 5 years in the state penitentiary.

On the night of April 8, 1933, one Jim Howell, night watchman at Morris, was struck, rendered unconscious, then robbed of his revolver and keys, and locked in the city jail by one Anderson and two companions, whose names are unknown. Defendant is jointly charged with the three others referred to. The evidence tending to connect defendant with the crime is entirely circumstantial, and is in effect that defendant had lived at the town of Morris about two years, that he was 22 years old, married, and living with his wife. In September, prior to the date of the robbery, he worked at Neosho, Mo., and there became acquainted with Anderson. On the day preceding, the robbery at night, Anderson and two companions, in an automobile, came to defendant's residence, had lunch, shaved and visited there some little time, and they with defendant then drove about together part of the afternoon, returning to the residence late in the day. Anderson and the other two then left, and defendant went to church services with his wife, returning about 11 o'clock. He had prepared to retire when Anderson and his companions came and asked if he was ready to go with them. Defendant put on his clothes and left with them. They drove a few blocks and Anderson and his two companions left the car, taking the keys with them, defendant remaining in it. Soon the town marshal and one Ludwig came to the car and talked with defendant, who told them he had arranged to go to Bristow with the boys, that the car had gone dead, and they had gone up town to a garage for some parts. He helped the officer take the car number. About this time two of the other boys approached the car, and, upon being accosted by the marshal, fled, and he shot at them. He then permitted defendant to go home and

he retired. Later he found Howell in the jail as stated; he then went to defendant's house and took him to the city jail. None of the others accused have been apprehended. Defendant took the stand and testified fully and in substance that he knew Anderson and not the other two, that he had arranged to go to Bristow with these parties with reference to a job for which he had applied. That he had no knowledge of any contemplated robbery, and did not participate therein. His testimony appears to be frank and candid. He introduced evidence of previous good character, except that at the age of 13 he had either been convicted or pleaded guilty in Arkansas under the juvenile law and had been paroled.

The only contention made is that the evidence is insufficient to sustain the judgment. Cases resting entirely on circumstances sometimes are so near the border line that it is extremely difficult to say whether the circumstances proven are sufficient to establish guilt, so the rule has been many times stated that where a conviction rests on circumstantial evidence and circumstances are proven from which the reasonable and logical inferences of guilt clearly arise, and which exclude any reasonable hypothesis except the guilt of accused, although the evidence is conflicting, the verdict will not be disturbed by the appellate court. Halbert v. State, 35 Okla. Cr. 329, 250 Pac. 436. But where the circumstances are few and the case is close, and where there is proof of good character and a positive denial by defendant, the court will scrutinize the evidence and if upon the whole record it appears the circumstances proven do not fully satisfy the requirements of the rule stated, the conviction should not be permitted to stand. In the instant case, there is a strong suspicion that defendant was in collusion with his com-

panions in the robbery; but on the other hand there are circumstances that cause a well-founded doubt to arise, as, for instance, the fact that the keys of the car were taken away by Anderson and his companions and that defendant readily gave the officer such information as he had concerning those with him, and assisted them in taking the car numbers. Upon the whole record, we are constrained to hold the evidence does not satisfy the requirements of the law.

The judgment is reversed.

DAVENPORT, P. J., and DOYLE, J., concur.