### Ex parte GRIFFEN.

No. A-11381. March 29, 1950.

(216 P. 2d 597.)

Bluford Daniel Griffen, pro se.

Mac Q. Williamson, Atty. Gen., and Owen J. Watts, Asst. Atty. Gen., for respondent.

BRETT, J.  This is an original petition in habeas corpus brought by Bluford Daniel Griffen, petitioner, against Clarence P. Burford, warden of the Oklahoma State Penitentiary at McAlester, Okla.  In his petition Griffen alleges he is restrained of his liberty by Warden Burford, under a void judgment and sentence issued against him out of the district court of Washita county, Okla., on February 6, 1947.  Therein he alleges that the said judgment and sentence was predicated upon a plea of guilty made and entered on said date to a charge of burglary, and his punishment was fixed at confinement in the Oklahoma State Penitentiary for a term of five years, "to begin at and from the time of his delivery to the Warden".  His contention as to the invalidity of the said judgment and sentence is predicated upon the last-quoted portion of said judgment and sentence.

Further, he alleges that prior to the Washita county judgment and sentence, he was charged in Beckham county with burglary, second degree, to which he entered a plea of guilty, and on which he was sentenced on January 27, 1947, to confinement in the Oklahoma State Penitentiary at McAlester for a term of five years.  The Beckham county sentence being the first imposed, was the one upon which he was delivered into the hands of the warden.  He alleges said sentence has been fully executed, and discharged by law on October 27, 1949. He contends that under the terms of the Washita coun-

ty district court judgment and sentence, that the same is void "upon its face and one unknown to law" or by law has long since expired under its terms, since it was to begin at the time of his delivery to the warden. In other words, he says that since he was delivered on both judgments and sentences at the same time, the Washita county sentence commenced to run on the date of his delivery into the hands of the warden and has likewise been discharged. The question thus presented is, Did the two nonconcurrent sentences each imposed without regard to the other, under the terms of the Washita county judgment and sentence, run concurrently so that the Washita county judgment and sentence has now been fully discharged.

This question thus raised is answered in the case of Ex parte Halbert, 45 Okla. Cr. 167, 282 P. 478, wherein it was said.

"The question presented is: Does a person sentenced to the penitentiary upon different convictions and at different terms of court, wherein the sentence provides that they shall begin upon the delivery of the person convicted to the warden of the State Penitentiary, serve such sentences concurrently?

"Sections 2303 and 2774, Comp. St. 1921 [21 O. S. 1941 § 61; 22 O. S. 1941 § 976], are as follows:

" '2303. * * * When any person is convicted of two or more crimes, before sentence has been pronounced upon him for either, the imprisonment to which he is sentenced upon the second or other subsequent conviction must commence at the termination of the first term of imprisonment to which he shall be adjudged, or at the termination of the second or other subsequent term of imprisonment, as the case may be.

" '2774. * * * If the defendant (shall) have been convicted of two or more offenses, before judgment on

either, the judgment may be that the imprisonment upon any one may commence at the expiration of the imprisonment upon any other of the offenses.'

"These statutes were under consideration in the case of Ex parte Bell, 34 Okla. Cr. 354, 246 P. 893, citing Ex parte Smith, 33 Okla. Cr. 175, 242 P. 284; Ex parte Ray, 18 Okla. Cr. 167, 193 P. 635. The substance of the holding in the Bell Case is that where a person is convicted of two or more crimes, before he is sentenced in either, the sentence in the second or subsequent conviction must commence on the termination of the first, unless the judgment and sentence in the second or subsequent conviction expressly provides that it shall run concurrently with the imprisonment for the first conviction. That is, where two or more convictions are had before sentence has been pronounced upon either, the trial court has the power to provide that the imprisonment upon the second or subsequent conviction shall run concurrently with the imprisonment upon the first. This court has nowhere held that the sentences can be made to run concurrently under any other condition. Ex parte Jess O'-Daniell, 9 Okla. Cr. 720, 131 P. 963; Ex parte Holden, 31 Okla. Cr. 133, 237 P. 622; Ex parte Smith, 33 Okla. Cr. 175, 242 P. 284; Ex parte Strader, 37 Okla. Cr. 285, 257 P. 1112; Ex parte Hudson, 44 Okla. Cr. 14, 279 P. 711.

"The time fixed for the commencement of the execution of a sentence is not one of its essential elements, and the specifying in the sentence of the time when it shall commence is in the nature of an award of execution. The essential part of the judgment is the punishment and the amount thereof, without reference to the time when it shall be executed. The time fixed for the execution is directory and not controlling except in cases under sections 2303 and 2774, Comp. St. 1921, above quoted, where a defendant has been convicted of two or more offenses before judgment on either. The rule here applied is that of the common law, in substance that where the judgment and sentence is imposed for a certain term, and where from any cause the time elapses without the imprisonment

being endured, it is still a valid, subsisting, and unexecuted judgment to be satisfied only by the actual suffering of the imprisonment imposed, unless remitted by death or by some legal authority. The expiration of time without imprisonment is in no sense an execution of the sentence. Ex parte Eldridge, 3 Okla. Cr. 499, 106 P. 980, 27 L. R. A., N. S., 625, 139 Am. St. Rep. 967; Ex parte Alexander, 5 Okla. Cr. 196, 113 P. 993; Ex parte Holden, supra; Ex parte Smith, supra.

"The only authority for concurrent sentences under our law must be derived from sections 2303 and 2774, Comp. St. 1921, supra. The power is granted the trial court on the conditions therein named. In all other cases the sentences are consecutive. This case does not fall within the terms of the statute, and the sentences therefore must run consecutively."

The sections of the statute hereinbefore referred to in Ex parte Halbert, supra, are the same as Title 22, Section 976, and Title 21, Section 61, O. S. A. 1941, respectively. As is said in Ex parte Halbert, supra, the case at bar does not fall within the said provisions. The time fixed for the commencement of the execution of a sentence is not one of its essential elements. The essential part of a judgment is the punishment and the amount thereof. The time fixed for the execution is directory and not controlling except in cases under section 976, Title 22, and section 61, Title 21, O. S. A. 1941. Furthermore, where the time of the commencement of the sentence elapses without imprisonment being endured, it is still a valid, subsisting and unexecuted judgment, which can be satisfied only by the actual suffering of the imprisonment imposed unless a remittitur is effected by death or in some other legal manner. Hence, the Washita county judgment and sentence under the foregoing authorities is valid and subsisting and could not be concurrently satisfied with the Beckham county judgment, but is an in-

dependent judgment and sentence which must be satisfied without regard to the Beckham county judgment and sentence. Stated differently, the said sentences being independently imposed, must be independently served, in the order of their imposition. For all of the foregoing reasons, the writ of habeas corpus is accordingly denied.

JONES, P. J., and POWELL, J., concur.