Richard Ray DAVIS, Plaintiff in Error,

v.

The STATE of Oklahoma, Defend-
ant in Error.

No. A–15419.

Court of Criminal Appeals of Oklahoma.

June 24, 1970.

Don Anderson, Public Defender, for plaintiff in error.

No response by Attorney General.

BUSSEY, Judge:

Richard Ray Davis, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Oklahoma County for the crime of Burglary in the Second Degree, After Former Conviction of a Felony. Trial was had to a jury which found defendant guilty and fixed punishment at 70 years imprisonment in the state penitentiary. A timely appeal has been perfected to this Court.

On the trial, Garvis Lee Lindsey testified that on June 3, 1968, he lived in Apartment 7 of the Midwest Courts at 29th and Pennsylvania in Oklahoma City, and that day he left for work about 8:15 a.m. On his return that evening he noticed that a window screen was off, the window was partly raised, and his stereo was missing. He and defendant were friends and had gone out socially and defendant had been in his apartment, but defendant did not have his permission to enter the apartment that day.

Edith Gibson testified that she operated the motel and tavern at SW 29th and Pennsylvania, and Lindsey was a tenant there. On the afternoon of June 3, 1968, about 4:30 p.m., an alarm was raised and she ran out to his apartment and saw someone entering through the window. The screen had been torn off. She entered the door with her key and defendant was sitting on the bed. On her inquiry defendant said he was a brother-in-law of Lindsey's and was waiting for him to return. Defendant then invited her to have a beer and they went to the tavern. After about five minutes, defendant told her he would go back to Lindsey's room to wait. Shortly thereafter, another alarm was raised and she went back out and saw defendant putting something that looked like a stereo speaker into a white four-door Buick, early sixties model. She got the tag number as defendant was leaving "at a terrific rate of speed" and reported it and the description to the police (R 25).

Officer Branum, of the Oklahoma City Police Department, testified that he investigated the burglary on June 3rd. He arrested defendant on June 26, 1968, locating him as a result of the car tag number and description.

Ruth Rhodes, defendant's grandmother, testified that defendant was at Lake Eufaula the week of June 3rd, 1968; that defendant was working on a job there and was always at the job or at home in the evenings. She fixed the date because June 5th was her great granddaughter's birthday.

W. W. Harrison, then of the Oklahoma City Police Department, testified that on June 27, 1968, after warning defendant of the rights against self-incrimination, interviewed defendant about the motel burglary. Defendant stated he did not have anything to say—that he was not in Oklahoma County on June 3rd; that he was building a parsonage at Rush Springs, Oklahoma on that date. He testified to the following highway mileages: Oklahoma City-Rush Springs, 86 miles; Oklahoma City-Eufaula, 119 miles; Eufaula-Rush Springs, 146 miles. At the time of the interview defendant had been drinking—"he had been on a drunk." (R 57).

Officer Branum on rebuttal testified that he saw the defendant on June 3, 1968, about 10:30 p.m. in Oklahoma City at a bar called Ira's Place at 19th and South May. His attention was attracted because of the car description and tag number of defendant's car. He did not arrest defendant then because defendant gave a different name than Richard Davis and the officer was not sure of the identity.

Lindsey testified on rebuttal that defendant was not and never had been his brother-in-law. The defendant did not testify in his own behalf.

■ On appeal, the defendant argues two assignments of error, the first of which is that the evidence is insufficient to support the verdict of the jury. In this regard, we need only cite our holding in Williams v. State, Okl.Cr., 373 P.2d 91:

"Where there is competent evidence in the record from which the jury could reasonably conclude that the defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict, even though there is a sharp conflict in the evidence and different inferences may be drawn therefrom, since it is the exclusive province of the jury to weigh the evidence and determine the facts."

■ Defendant next contends that while the punishment herein is within the statutory limits, the term of 70 years is harsh enough to shock anyone's sense of justice. In support of this contention, he cites Jackson v. State, 86 Okl.Cr. 420, 193 P.2d 895, wherein this Court modified a conviction of Burglary Second Degree After Felony. This Court, speaking through the Honorable John Brett, in Jackson v. State, supra, stated:

"The defendant E. R. Jackson contends that the judgment and sentence in a bur-

glary case of fifty years is excessive even for a second offender. In support of this contention he says that no such sentence has ever been imposed in this character of case in this jurisdiction. With this we agree. In the case at bar the property stolen would not exceed in value a few hundred dollars. The only aggravating circumstance is that of prior conviction. We are of the opinion when measured by prior decisions of this court involving similar circumstances that the judgment and sentence imposed herein is excessive. In Choice Jackson v. State, 67 Okl.Cr. 167, 93 P.2d 55, where the defendant was charged with breaking and entering a dwelling in Nichols Hills and stealing one platinum watch and chain set with diamonds, one man's gold ring set with one diamond, two lady's platinum dinner rings set with diamonds, four yellow gold bracelets, ten silver dollars, one Schwab safe, six New York life insurance policies, said property being of the total value of $2,435.00 and the said defendant was also charged as a second offender, upon conviction thereof his punishment was fixed at imprisonment in the penitentiary for fifteen years. This court therein approved the judgment and sentence."

In the instant case we find that the punishment imposed is excessive and should be modified. We note our recent decision in Cunningham v. State, Okl.Cr., 459 P.2d 189, wherein we affirmed the judgment and sentence of thirty-five (35) years imprisonment for the crime of Second Degree Burglary, After Former Conviction of a Felony.

Under the provisions of 22 O.S. § 1060, this Court modifies the judgment and sentence herein from a term of seventy (70) years imprisonment to a term of thirty-five (35) years imprisonment, and as so modified, the judgment and sentence is Affirmed. Modified and affirmed.

TOM BRETT, P. J., and NIX, J., concur.