David CAPPS, Petitioner,

v.

Ray H. PAGE, Warden, and the State of
Oklahoma, Respondents.

No. A–14319.

Court of Criminal Appeals of Oklahoma.

Dec. 13, 1967.

Robert Posey, pro se.

G. T. Blankenship, Atty. Gen., for re-
spondent.

David Capps, pro se.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for respondents.

BRETT, Judge:

David Capps files a petition seeking his release from confinement in the state penitentiary, by writ of habeas corpus.

Petitioner alleges that on September 30, 1959 he was serving a five-year sentence which had been imposed by the district court of Pontotoc County, and on that date, as the result of a court order, he was taken from the penitentiary to appear in the Superior Court of Seminole County, to answer charges pending against him there. He states that he entered a plea of guilty to the charges, and the court sentenced him to serve five years in the penitentiary for that offense. It was clear to the petitioner that the Seminole County sentence was to commence after he completed the five-year sentence he was presently serving.

Petitioner states that thereafter, "in an effort to straighten out my messed up life", he caused arrangements to be made whereby he was taken to Hughes County to answer charges pending against him in that county.

On October 14, 1959, with his own lawyer present in the district court of Hughes County, he entered a plea of guilty to a charge of second degree burglary, in case No. 2934, and was sentenced to serve five years in the penitentiary. On the following day, without his attorney being present, he entered pleas of guilty in two other cases, Nos. 2982 and 2983, both charges for separate offenses of second degree burglary.

He was sentenced to serve five years in the penitentiary on each charge, and the court provided that the two sentences were to run concurrently.

Petitioner, as grounds for his release, alleges that "due to the fact that petitioner had so many out-standing charges against him", his lawyer worked out a "deal" with the county attorney that the sentences rendered by the district court of Hughes County were to be made to run concurrently with his sentences imposed by the Pontotoc and Seminole County district courts. Petitioner calls attention to the fact that the judgment and sentence of October 14, 1959 provided that the term of sentence was to begin at and from the 14th day of October, 1959; and that the judgment and sentence in cases Nos. 2982 and 2983 each provided that said term of sentence was to begin at and from October 15, 1959, contending that the judge thereby provided that said judgments and sentences run concurrently with the judgment and sentence petitioner was presently serving.

 Upon reading and considering the petitioner of this prisoner, who files his action without the services of counsel, this Court ordered the district court of Hughes County to conduct an evidentiary hearing, and make specific findings of fact concerning all the questions raised in petitioner's petition for writ of habeas corpus.

In compliance with such order, the district court of Hughes County conducted a full hearing on October 5, 1967, at which time the petitioner was present in person and represented by counsel appointed by the court. At such hearing the petitioner testified, as did the court clerk of Hughes County (concerning the record and files of said court); the Hon. Walter Billingsley, the attorney who represented the petitioner in the Hughes County cases; the Hon. George S. Turner, who had been county attorney of Hughes County at the time these cases were processed; and the Hon. Bob Howell, who was judge of the district court of Hughes County at the time, and who signed the judgments and sentences in question.

After such hearing, the Hon. Lee R. West, district judge, who presided, made the following "Findings of fact of the Court":

"All right, in accordance with the order that the court make and state the findings of fact and transcribe them, the court finds, as a matter of fact, that the defendant did appear in court in case 2934 on the 14th day of October, 1959, with counsel present; that he was fully advised of his rights, all of his constitutional rights were explained and protected; that he, in agreement with his attorney of record, entered a plea of guilty, and it was the recommendation of the county attorney that he receive a five-year sentence on that charge; and that that was the judgment and sentence of the court.

"It is the further finding of the court in this hearing that the defendant, at that time—that the court, at that time, and in the presence of the defendant and by defendant's counsel, Mr. Walter Billingsley, was advised that charges would be thereafter soon filed in cases which later were designated as 2982 and 2983; and that the county attorney had agreed to make recommendations of sentences in that—those two cases; and that Mr. Billingsley requested and received permission to be absent in those cases, although it does appear that Mr. Billingsley was not actually an attorney of record; that thereafter on the 15th day of October, the defendant appeared in person and was arraigned in cases 2482 and 2483; that his rights were adequately explained and protected; that he entered pleas of guilty in both cases; that the recommendation of the district attorney—of the county attorney, pardon me, was that he receive sentences of five years in each of those two cases, but that each of them would run—or the judgment and sentence in each of these two cases would run concurrently one with the other; that the evidence does not support any finding that it was understood and agreed that all three of these sentences would run con-

currently each with the other; that the defendant—I mean, pardon me, strike that; that the judgment and sentence forms executed by the court in each of the three cases does set down a specific day that the sentence was to commence, being in case 2934, October the 14th, 1959; and each of the cases, 2982 and 2983, October the 15th, 1959; but it is the finding of this court that this is a form-type judgment and sentence and that it was not the intention of the court that these sentences run concurrent—concurrently with the judgment and sentences from Pontotoc and Seminole counties, for the reason that the court was well aware that this is in violation of the laws of Oklahoma; nor was it intended that cases 2982 and 2983, the judgment and sentences therein, would run concurrently, or nearly so, with 2934. All right, now the court further directs that these findings, together with all the evidence adduced herein, will be transcribed and transmitted to the court clerk of the court of criminal appeals of the state of Oklahoma as early as possible consistent with the court's order."

In Ex parte Griffen, 91 Okl.Cr. 132, 216 P.2d 597 (cert. denied 340 U.S. 835, 71 S.Ct. 17, 95 L.Ed. 613) this Court held:

"Where a defendant is convicted of two or more crimes, where imprisonment is adjudged as a part of the penalty, the sentence in the second or subsequent conviction can run concurrently with the first only in cases where the convictions are had in the two or more cases before sentences had been pronounced in either, and then where the judgment and sentence in the second or subsequent conviction designates that such sentence shall run concurrently with the judgment and sentence in the first or prior convictions. Sections 2303, 2774 Comp.St. 1921; Title 22 § 976 and Title 21, § 61 O.S.1941.

"The time fixed for the commencement of a sentence is not one of its essential elements. The essential part of the judgment is the punishment and the amount thereof. The time when it shall commence is in the nature of an award of execution."

Under the findings of fact hereinbefore set out, and the holdings in the above case and the cases cited therein, the petition for writ of habeas corpus must be, and the same is, denied.

NIX, P. J., and BUSSEY, J., concur.