## Ex parte JOHN Q. ADAMS.

No. A-6678. Opinion Filed March 17, 1928.
(265 Pac. 147.)

John Q. Adams, in pro. per.

Edwin Dabney, Atty. Gen., and Smith 'C. Matson, Asst. Atty. Gen., opposed.

EDWARDS, J. This is an original proceeding in habeas corpus brought by petitioner in proper person. The petition and exhibits attached disclose that in 1919 petitioner was convicted in the district court of Marshall county for a felony, and sentenced to serve a term of 10 years in the state penitentiary. An appeal was taken to this court, and on January 27, 1922, the judgment was affirmed. Adams v. State, 21 Okla. Cr. 448, 209 P. 189. He was, on September 30, 1919, committed to the state penitentiary under said judgment and sentence. After some time, he made an appeal bond; obtained his release pending the determination of his appeal. During the time he was at liberty on this appeal bond he was convicted in the district court of Stephens county for a felony, and was sentenced to serve a term of seven years in the state penitentiary. No appeal was taken from this latter judgment, and he was committed to the penitentiary upon commitment issued thereon. Thereafter he filed an original petition in habeas corpus in this court, alleging that the district court of

Stephens county was without jurisdiction; the venue being in another county. This court, in Ex parte Adams, 27 Okla. Cr. 322, 227 P. 844, denied the writ, for the reason that the return on the rule to show cause made by the warden of the penitentiary disclosed that petitioner was held by virtue of the judgment and sentence from Marshall county.

The petitioner here contends that he is in fact held under the judgment and sentence of ten years from the district court of Marshall county, but that the records of the penitentiary show him to be held under the judgment and sentence from Stephens county, which he contends is invalid. He prays that this court discharge him or order the warden to correct his record to show petitioner is held under the judgment and sentence from Marshall county. The sentence of the district court of Marshall county has not yet expired, and, upon the theory of petitioner. he is not entitled to his discharge at this time even if the judgment and sentence from Stephens county be, as he contends, invalid. We have no authority to order any corrections of the records of the penitentiary, if such order were proper.

The writ is denied without prejudice to the right of petitioner to test the validity of the judgment and sentence of the district court of Stephens county when the judgment from Marshall county shall have expired.

DOYLE, P. J., and DAVENPORT, J., concur.