### Ex parte JACK BALDRIDGE.

No. A-104642. Dec. 5, 1945.

(164 P. 2d 253.)

Hulsey & Hulsey, of McAlester, for petitioner.

Randell S. Cobb, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for respondent.

JONES, J. This is an original proceeding in habeas corpus instituted by the petitioner, Jack Baldridge, to secure his release from confinement in the State Penitentiary.

The verified petition specifically attacked two judgments pronounced against the petitioner in the district court of Ottawa county in cases numbered 2624 and 2625 in said court, wherein the petitioner entered a plea of guilty to the crime of murder entered against him in each of said cases and was sentenced to serve a term of life imprisonment on each of said charges.

The petition is lengthy and it is contended that the judgments are void for the reason that in the proceedings before the trial court, the convictions were sustained without due process of law.

A rule to show cause was issued and response filed by the warden of the State Penitentiary, wherein it is shown that, in addition to the two commitments in the cases attacked in the petition, the warden is also holding the petitioner by reason of the revocation of a parole and recommitment of the petitioner to the State Penitentiary to serve an unsatisfied portion of a 20-year sentence for manslaughter.

A hearing was had before this court. It appeared from the facts that in the year 1915, petitioner was convicted in the district court of Ottawa county of the crime of manslaughter in the first degree and was sentenced to serve 20 years imprisonment in the State Penitentiary. He escaped from the penitentiary in 1918. While he was an escapee, he married under an assumed name and lived in another state until 1939. In the year 1939, the petitioner became seriously ill and thought he was going to die. At that time, petitioner made a "death-bed confession," disclosing his identity and the fact of his escape from the Oklahoma State Penitentiary. After petitioner recovered from his illness, he was taken back to the penitentiary to finish serving his sentence. A few months later, he obtained a parole. After he killed his wife and one J. W. Williams, in the town of Commerce, in Ottawa county, on November 29, 1944, the parole was revoked.

The purpose of the writ of habeas corpus is to secure release from confinement. Since petitioner is now serving the unexpired term of the manslaughter conviction, which is not being attacked, this court could not grant his release from confinement even though the judgments attacked are void.

As was said in the case of Ex parte Tollison, 73 Okla. Cr. 38, 117 P. 2d 549:

"Where petitioner stands committed on unsatisfied judgments, other than the one upon which he is seeking his release on habeas corpus, the writ of habeas corpus will be denied."

In the body of the opinion, it is stated:

"Since the allegation of the petitioner, if true, would only serve to set aside the judgment pronounced in the case which is being attacked and would not serve to grant him a discharge from his imprisonment for the

reason that he stands imprisoned to answer three other judgments pronounced against him, which sentences thus pronounced are unsatisfied, the petition will have to be denied. Ex parte Allen, 56 Okla. Cr. 154, 35 P. 2d 284; Ex parte Russell, 52 Okla. Cr. 136, 3 P. 2d 248; Ex parte Adams, 39 Okla. Cr. 334, 265 P. 147."

For the reasons hereinabove stated, the petition for writ of habeas corpus is denied.

BAREFOOT, P. J., concurs. DOYLE, J., not participating.