## Ex parte BILL TILLMAN.

No. A-10682.   Dec. 19, 1945.

(164 P. 2d 649.)

J. M. Springer, of Nowata, for petitioner.

Randell S. Cobb, Atty. Gen. and Sam H. Lattimore, Asst. Atty. Gen., for respondent.

JONES, J. This is an original proceeding in habeas corpus instituted by the petitioner, Bill Tillman, to secure his release from confinement in the State Reformatory at Granite.

The facts which are the basis for this action are undisputed. On August 13, 1941, the petitioner was committed from Stephens county to the State Reformatory to serve a term of five years for larceny of an automobile. On April 14, 1943, he was released on parole. On August 2, 1943, he was arrested and charged in the district court of Logan county with the crime of larceny of an automobile. On August 31, 1943 his parole was revoked but he continued to be held in jail in Logan county until he was tried and convicted of larceny of an automobile and sentenced to serve a term of six years in the State Reformatory. He was again committed to the Reformatory on June 4, 1944. An appeal was taken to this court on November 13, 1944, by filing a petition in error with case-made attached. Tillman v. State, No. 10584, not yet decided. On August 29, 1945, the petitioner executed bail in the sum of $3,000, which was approved by the court clerk of Logan county, and a release issued in

the case where the appeal had been taken from the sentence of six years given the accused in Logan county. When the warden of the State Reformatory was presented with the release, he refused to grant the petitioner his release, but contended that he had been serving time on the six year sentence and not on the old sentence of five years from which he was paroled. Under the evidence of the warden, it is agreed that the petitioner, with credit for good behavior which he had earned, had one year and 18 days to serve at the time he was paroled and that he has served one year four months, and two days since he was received on the commitment from the district court of Logan county.

The question presented is whether the petitioner is entitled to credit on the first sentence for the time which he has served since his commitment from the district court of Logan county, as it is conceded by the state that if he is entitled to this credit, he has already served more than enough time to earn release from confinement on the first commitment from Stephens county.

21 O.S. 1941 § 61 provides:

"'When any person is convicted of two or more crimes before sentence has been pronounced upon him for either, the imprisonment to which he is sentenced upon the second or other subsequent conviction, must commence at the termination of the first term of imprisonment to which he shall be adjudged, or at the termination of the second or other subsequent term of imprisonment, as the case may be."

In Ex parte Halbert, 45 Okla. Cr. 167, 282 P. 478, it is stated:

"Where there are one or more convictions and judgments thereon, the accused should be incarcerated upon the first conviction under which he is apprehended and

delivered for imprisonment for the period of time therein named, followed by confinement for the fine and costs if same are not paid  At the end of that period of confinement, the imprisonment should commence upon the second conviction and terminate in like manner and so on."

In Ex parte Smith, 33 Okla. Cr. 175, 242 P. 284, 285, it is stated in the opinion:

"Now where there are a series of convictions and judgments thereon, bearing in mind that our statute contemplates that each judgment shall be satisfied separately, and applying such provisions to this case, it would seem logical for the sheriff to confine the accused upon the first conviction for the period of imprisonment therein named, followed by confinement for the fine and costs therein named, in the event the same are not paid; that at the end of that period of confinement, the imprisonment named in the judgment upon the second conviction, and imprisonment for the fine and costs therein, would begin and terminate in like manner; and so with the third.  This conclusion is deduced from and based upon the decisions cited and the provisions of sections 6332, 2782, 2774, and 2303, Comp. Stat. 1921 [28 O. S. 1941 § 101; 22 O.S. 1941 §§ 980, 976; 21 O.S. 1941 § 61].

"Decisions to the contrary in other states, and in this state prior to the passage of the 1913 statute herein referred to, will not control in the face of the policy outlined in the statutes and decisions cited.

"We hold, therefore, that under the conditions here shown the periods of imprisonment do not run concurrently, and that the first judgment must be satisfied in full before the second can be held to begin, and the second, before the third."

It would seem that under the provision of the statute above quoted and the authorities herein above cited that immediately upon receipt of petitioner at the State Reformatory, he should have been listed as commencing to serve time on the first charge for which he was given

the parole and that the warden erred in showing that this imprisonment was for the second conviction which was appealed to this court. Irrespective of the above statute and decisions, fairness and justice to the accused would require that he be allowed to serve his first commitment rather than the second because, since the second conviction has been appealed, it might be reversed and accused would never have to serve any time upon that charge. At least, in the absence of some provision of law to the contrary, he should be entitled to credit on the old charge until the conviction in the second case becomes final.

Since under the facts the petitioner has served more than enough time to entitle him to his release under the first conviction which he sustained and in consideration of the fact that he had made an appeal bond, appealing to this court from the second conviction which he has sustained, it is apparent that the warden is now restraining him of his liberty without authority of law and that he should be granted his immediate release.

It is, therefore, ordered that the warden of the State Reformatory at Granite, Oklahoma, correct his record so as to give the petitioner, Bill Tillman, credit for the time he has served in the State Reformatory since June 4, 1944, on the commitment issued in the district court of Stephens county, wherein the petitioner was sentenced to serve five years for the larceny of an automobile, wherein he is listed as prisoner No. 13938.

It is further ordered that the record in the office of the warden of the State Reformatory, pertaining to the commitment from the district court of Logan county, wherein petitioner is listed as prisoner No. 14841 be corrected to conform to the above order.

It is further ordered that the warden be and he is hereby directed to release the said Bill Tillman from imprisonment in the State Reformatory upon receipt by him of a release issued by the court clerk of Logan county, wherein the petitioner, Bill Tillman, has filed an appeal bond in perfecting an appeal to the Criminal Court of Appeals from the conviction sustained in the district court of Logan county, provided that the said warden of the State Reformatory has no other or further commitment which would legally require him to continue holding the said Bill Tillman in custody.

BAREFOOT, P. J., concurs. DOYLE, J., not participating.