### Ex parte JAMES PIERCE.

No. A-11142.   Dec. 8, 1948.

(200 P. 2d 777.)

James Pierce, pro se.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for respondent.

BAREFOOT, P. J.   The petitioner, James Pierce, who is now confined in the State Penitentiary at Mc- Alester, has filed in this court an instrument which he denominates "Petition for Mandamus"; alleging that he is now serving a sentence rendered by the district court of Pittsburg county for the crime of escaping from prison; and that upon completion of such sentence, he will be detained and imprisoned to serve two sentences rendered by the district court of Greer county, Okla., one for two years and the other for five years, to run concurrently.   He asks that this court issue a restraining order in the form of a writ of mandamus, in order that the two cases from Greer county may be reviewed.   No evidence was introduced at the time the matter was set on the rule to show cause; but petitioner attaches copies of the two judgments rendered in Greer county to his petition.

The record discloses that this petitioner, on January 20, 1943, commenced serving a sentence of three years assessed by the district court of Okfuskee county for the crime of grand larceny.   While serving this sentence, and on July 21, 1943, petitioner escaped from the penitentiary at McAlester, and as a result of being at large, was sentenced by the district court of Pontotoc county to serve a term of five years for stealing an automobile, and by the district court of Pittsburg county to serve two years on an escape charge.

After being returned to the penitentiary, petitioner was transferred from the penitentiary at McAlester to the State Reformatory at Granite, and subsequently, in 1944, escaped from the Reformatory.   He was sentenced by the district court of Greer county on October

152

20, 1944, to serve a term of two years for escaping from the Reformatory, and in another case for five years for theft of a motor vehicle.

On November 26, 1944, petitioner was discharged in the Okfuskee county case, and on that date started serving the five-year sentence rendered in the Pontotoc county case for theft of automobile. He completed that sentence on September 16, 1947, and on the same day started on the two-year escape sentence rendered in Pittsburg county. He will have completed serving that term on or about December 10, 1948, and is now faced with the two terms from Greer county, the one for two years to run concurrently with the five-year sentence. The two sentences pronounced in Greer county provide that they commence "from and after expiration of present sentence which he is now serving", being the two-year escape sentence from Pittsburg county.

The petition, filed by petitioner in his own behalf, is also in the nature of a brief; and it is contended that the district court of Greer county did not have the right to sentence petitioner for the crimes committed by him while he was an escapee from the State Reformatory, for the reason that he had been sentenced to serve his term at the State Penitentiary, and that he was illegally held at the Reformatory.

In support of this proposition, petitioner refers to an order made by the district court of Pittsburg county, and attaches a copy of the order. This order grants a writ of habeas corpus, and orders the discharge of a prisoner, reciting that "no legal cause being shown for such imprisonment and restraint." None of the facts in that case are shown, and we know of no rule by which this

court would be bound by the ruling of a district court, on a question of law under the facts here presented.

We are also unaware of any law that would prohibit the district court of Greer county from entering sentence for the crimes committed by this petitioner while he was held in the State Reformatory, or while he was an escapee from the Reformatory.

It is provided by 21 O.S. 1941 § 61, as follows:

"When any person is convicted of two or more crimes before sentence has been pronounced upon him for either, the imprisonment to which he is sentenced upon the second or other subsequent conviction, must commence at the termination of the first term of imprisonment to which he shall be adjudged, or at the termination of the second or other subsequent term of imprisonment, as the case may be."

And 22 O.S. 1941 § 976 provides:

"If the defendant have (has) been convicted of two or more offenses, before judgment on either, the judgment may be that the imprisonment upon any one may commence at the expiration of the imprisonment upon any other of the offenses."

See, also, the case of Ex parte Halbert, 45 Okla. Cr. 167, 282 P. 478, and Ex parte Olden, 88 Okla. Cr. 56, 199 P. 2d 228.

For the reasons above stated, the petition for writ of mandamus is denied.

JONES and BRETT, JJ., concur.