## Ex parte JUNIOR COLE.

No. A-11199.   July 13, 1949.

(208 P. 2d 193.)

Junior Cole, pro se.

Mac Q. Williamson, Atty. Gen., for respondent.

JONES, P. J.   This is an original action in habeas corpus instituted by the petitioner, Junior Cole, in which he alleges that his imprisonment in the State Penitentiary at McAlester is illegal.

The verified petition alleges that the petitioner entered a plea of guilty on November 4, 1933, to the crime of manslaughter in the first degree in the district court of Muskogee county, and was sentenced to serve 25 years' imprisonment in the State Penitentiary; that thereafter, on March 5, 1943, it being satisfactorily established that the prisoner was suffering from active tuberculosis, the Governor of the State of Oklahoma issued a temporary parole so that said prisoner could be transferred to a suitable climate for his health. Under the terms of the parole, the prisoner was obligated to return to the penitentiary on September 6, 1943.

Thereafter, the petitioner entered a plea of guilty in the district court of Tulsa county on May 19, 1943, to the crime of robbery and was sentenced to serve 10 years' imprisonment in the penitentiary. Immediately after the judgment was pronounced in the district court of Tulsa county, the prisoner was committed to the State Penitentiary and he was enrolled on the records of the institution to commence serving the Tulsa county sentence. The temporary parole was revoked by the Governor on June 18, 1943.

The petitioner contends that the warden of the penitentiary illegally booked him on the Tulsa county conviction when under the law he should have been booked for the sentence from Muskogee county for which he had been given a parole.

In the prayer of the petition, the petitioner asserts that he will be eligible for a discharge in 1950, and for that reason he does not want the judgment vacated and a new hearing ordered; but that he requests the Criminal Court of Appeals, after a consideration of all the facts,

.to issue an order modifying and reducing petitioner's term of imprisonment to the time which he has already served.

The Criminal Court of Appeals is not authorized on habeas corpus to modify or reduce the sentence which has been pronounced against one convicted of crime. Ex parte Wright, 73 Okla. Cr. 167, 119 P. 2d 97; Ex parte Cassidy, 83 Okla. Cr. 159, 174 P. 2d 271.

In Ex parte Tillman, 81 Okla. Cr. 332, 164 P. 2d 649, and in Ex parte Pierce, 88 Okla. Cr. 150, 200 P. 2d 777, this court fully discussed the statute pertaining to the duties of the prison officials in making an entry on their records as to the crime for which the prisoner is committed where he has two or more unsatisfied judgments.

Some complaint is also made in the petition that at the time the petitioner entered his plea of guilty to the crime of manslaughter in the district court of Muskogee county, he was not represented by counsel and did not fully understand the nature of the proceedings against him. No proof was offered at the hearing to support this allegation. In addition to that, such question could not be presented at this time because of the laches of the petitioner. See Ex parte Matthews, 85 Okla. Cr. 173, 186 P. 2d 840, and related cases.

The writ of habeas corpus is denied.

BRETT, J., concurs.