## In re BALDRIDGE.

No. A-11430.   Nov. 15, 1950.

(224 P. 2d 608.)

Jack Baldridge, pro se.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for respondents.

BRETT, J. This is an original proceeding in habeas corpus by Jack Baldridge seeking his release from the State Penitentiary at McAlester, Okla. He alleges the cause of his restraint is a certain judgment and sentence of the district court of Ottawa county, Okla., finding the defendant guilty of the crime of murder. In said petition he makes reference to 81 Okla. Cr. 300, 164 P. 2d 253, wherein it appears petitioner was convicted of the crime of manslaughter and sentenced to a term of 20 years in the penitentiary, and therein he was petitioning for his release from the penitentiary on habeas corpus. The recitals contained in the opinion written therein disclose that Baldridge was convicted in 1915 for the crime of manslaughter and sentenced to a term of 20 years in the penitentiary. It further appears that in 1918 he escaped, changed his name and re-married, and lived in another state until in 1939. In 1939 he became seriously ill, and thought he was going to die, at which time he confessed his true identity and the facts of his escape. Shortly thereafter, he was returned to the penitentiary to complete the service of the 20 year sentence. In 1942 he was paroled. In 1944 he killed his wife and J. W. Williams in Commerce, Okla., in which case he received a life sentence for murder of which he complains herein as well as making complaint with reference to the sentence in the manslaughter case.

In brief the contentions of the petitioner are first that the conviction for manslaughter in 1915 is void for the reason that when his parole was revoked, he was not billed in on the manslaughter conviction, but instead was billed in to the penitentiary on the conviction of mur-

der; second, he contends the conviction for murder was void for denial of due process; third, he alleges that he has served enough time (11 years) to satisfy the conviction and sentence in the manslaughter case. In the latter contention, however, he does not support said allegation by evidence, such as certified prison records, to establish this contention, nor do we believe the same to be true. If the petitioner had a perfect record, with allowance for good behavior and work credits, he might have completed said 20 year sentence in 9 years, 7 months and 11 days. But his record is not a perfect one, but one which discloses he escaped in 1918 during the service of his 20 year sentence and was returned to the prison in 1939, and after 3 years service he was paroled, which parole was revoked upon his conviction for murder in 1944. Hence, we must assume that under such a record the petitioner lost his good behavior allowance and word credits, and from the allegations of the petition it thus appears that the petitioner has not completed service of the 20 year sentence for manslaughter. However in this connection, he complains he was billed in on the life sentence for murder and thus his sentence for manslaughter is now void. Such could not be the law, for to so hold would be to grant the warden of the penitentiary clemency powers under the exercise of arbitrary office technique and enable the petitioner to escape service of the sentence imposed in the manslaughter case. Moreover, this court has repeatedly held that only the suffering of the imprisonment can satisfy a judgment and sentence lawfully imposed, and that sentences independently imposed must be served in the order of their imposition. Ex parte Griffen, 91 Okla. Cr. 132, 216 P. 2d 597. Ex parte Halbert, 45 Okla. Cr. 167, 282 P. 478. Title 21, § 61, O.S. 1941, provides as follows, towit:

"When any person is convicted of two or more crimes before sentence has been pronounced upon him for either, the imprisonment to which he is sentenced upon the second or other subsequent conviction, must commence at the termination of the first term of imprisonment to which he shall be adjudged, or at the termination of the second or other subsequent term of imprisonment, as the case may be."

In Ex parte McCollum, 90 Okla. Cr. 153, 212 P. 2d 161, 163, quoting from Ex parte Edwards, 88 Okla. Cr. 433, 204 P. 2d 547, rendered March 9, 1949 by the late Judge Barefoot, in syllabus pars. 1 and 2 he states the law as follows:

" 'Where there are two or more convictions and judgments thereon, accused should be incarcerated upon the first conviction under which he is apprehended and delivered for imprisonment for the time therein named, and, at the end of that period of confinement, imprisonment should commence upon the second conviction, and terminate in like manner, and so on for subsequent convictions. 21 O.S. 1941 § 61.

"Expiration of time without imprisonment is not execution of sentence to imprisonment.'

"See, also, Ex parte Halbert, 45 Okla. Cr. 167, 282 P. 478. In Ex parte Smith, 33 Okla. Cr. 175, 242 P. 284, 285, this court said:

" 'Now where there are a series of convictions and judgments thereon, bearing in mind that our statute contemplates that each judgment shall be satisfied separately, and applying such provisions to this case, it would seem logical for the sheriff to confine the accused upon the first conviction for the period of imprisonment therein named, followed by confinement for the fine and costs therein named, in the event the same are not paid; that at the end of that period of confinement, the imprisonment named in the judgment upon the second conviction, and imprisonment for the fine and costs therein,

would begin and terminate in like manner; and so with the third. This conclusion is deduced from and based upon the decisions cited and the provisions of sections 6332, 2782, 2774, and 2303, Comp. Stat. 1921 [28 O.S. 1941 § 101; 22 O.S. 1941 §§ 980, 976; 21 O.S. 1941 § 61].

" 'Decisions to the contrary in other states, and in this state prior to the passage of the 1913 statute herein referred to, will not control in the face of the policy outlined in the statutes and decisions cited.' "

What was said in Ex parte Halbert, supra, applies with like effect to the warden of the penitentiary. Herein, it appears from the petition, the petitioner was billed in on the murder conviction instead of being billed in on the prior manslaughter conviction. Such procedure cannot be supported by law. As was said in Ex parte Tillman, 81 Okla. Cr. 332, 164 P. 2d 649, 650:

"Warden of State Reformatory does not have discretion of crediting time served by inmate on either of two or more convictions, but must credit time on first conviction, sustained by inmate until the time named in commitment for first conviction has been satisfied."

And in the body of the opinion:

"It would seem that under the provision of the statute above quoted and the authorities herein above cited that immediately upon receipt of petitioner at the State Reformatory, he should have been listed as commencing to serve time on the first charge for which he was given the parole and that the Warden erred in showing that this imprisonment was for the second conviction which was appealed to this Court. Irrespective of the above statute and decisions, fairness and justice to the accused would require that he be allowed to serve his first commitment rather than the second * * *. At least in the absence of some provision of law to the contrary he should be entitled to credit on the old charge until the conviction in the second case becomes final."

See, also, Ex parte Cole, 89 Okla. Cr. 380, 208 P. 2d 193, and Ex parte Pierce, 88 Okla. Cr. 150, 200 P. 2d 777, for further discussion as to the duties of prison officials under the statutes and conditions herein involved. Thus the petitioner in light of the foregoing should have been billed in on the manslaughter sentence, since the warden was without discretion to bill the petitioner in on the life sentence until he had completed the service of the manslaughter sentence. Therefore, under the law, the petitioner as far as his commitment is concerned, stands committed to the penitentiary on the uncompleted valid manslaughter sentence, jurisdiction for the imposition of which is not questioned. The petitioner's complaint being predicated upon an erroneous condition of the penitentiary records, it is therefore ordered that the warden correct his records so as to show Jack Baldridge billed into the penitentiary on the manslaughter conviction, and give him credit for the time thereon that he has served since being re-billed into the penitentiary. Upon completion of service of the manslaughter sentence, he should then be billed in on the life sentence for murder. The petitioner thus being committed on the manslaughter sentence is not now being restrained of his liberty on the life sentence; jurisdiction for the sentence imposed in the manslaughter case in no way questioned and standing as a valid unsatisfied judgment and sentence against the petitioner, he is in no position to question by habeas corpus his commitment on the life sentence at this time. Ex parte Tollison, 73 Okla. Cr. 38, 117 P. 2d 549:

"Where petitioner stands committed on unsatisfied judgments, other than the one upon which he is seeking his release on habeas corpus, the writ of habeas corpus will be denied."

See, also, Ex parte Baldridge, 81 Okla. Cr. 300, 302, 164 P. 2d 253.

Such being the case we cannot consider the issues raised by the petitioner as to the validity of his commitment in the murder case because under the law he is not restrained of his liberty at this time thereunder. For these reasons the petition for a writ of habeas corpus is accordingly denied.

JONES, P. J., and POWELL, J., concur.