# Ex parte WARD.

No. A-11875. May 27, 1953.

(257 P. 2d 1099.)

Clay Ward, pro se.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for respondent.

POWELL, P. J. Clay Ward has filed in this court a petition seeking release from the Oklahoma State Penitentiary at McAlester, by way of writ of habeas corpus. The Attorney General has filed a demurrer to the petition.

Petitioner sets out that on the 11th day of December, 1950, he entered a plea of guilty in case No. 20022, in the district court of Oklahoma county, wherein he was charged with the crime of robbery with firearms, after a former conviction of a felony. He was sentenced to serve a term of 15 years for the crime, and is at this time incarcerated under the judgment entered.

It is further stated by the petitioner that under date of the 16th day of September, 1949, he was convicted in the district court of Oklahoma county for second degree burglary, and sentenced to serve a term of two years in the penitentiary, but appealed his case to this court wherein it was affirmed under date of 6th day of September, 1950, and mandate was issued on the 22nd day of September, 1950. See Ward v. State, 92 Okla. Cr. 143, 222 P. 2d 173. It is apparent that commitment papers were not forthwith issued and served.

At the time of the affirmance of the conviction in the burglary case defendant was in the Oklahoma county jail awaiting trial on the robbery with firearms case first herein mentioned. There is no allegation that bail was denied defendant. It is apparent that the petitioner merely failed to present an acceptable bond, and such fact constitutes no ground for release. But he alleges that he had been incarcerated on the charge from the 1st day of February, 1950, awaiting trial. Petitioner claims that he did not obtain a speedy trial. There are two terms of court each year, January and July. The January, 1950, term of court ended the day preceding the first Monday in July, and the July, 1950, term commenced on the first Monday of July and ended on the day preceding the first Monday, in January, 1951. Tit. 20 O.S. 1951 § 95. The defendant entered his plea of guilty, as has been seen, during the term of court following his arrest and incarceration.

No circumstances are alleged or supporting affidavits furnished to show that there was delay in disposing of the charge in question occasioned by the state. In Ex parte Munger, 29 Okla. Cr. 407, 234 P. 219, this court said, in the second paragraph of the syllabus:

"A 'speedy trial' within the meaning of the constitutional provision (Article 2, § 20), means a trial before the end of the second term of court after indictment found or information filed, unless the delay shall happen on defendant's application (Comp. Stats. 1921, § 2913 [Tit. 22 O.S. 1951 § 812]). Any delay caused by the operation of rules of law does not work prejudice to the constitutional right of the accused in that regard."

The section of the statute referred to, Tit. 22 O.S. 1951, § 812, reads:

"If a defendant, prosecuted for a public offense, whose trial has not been postponed upon his application, is not brought to trial at the next term of court in which the indictment or information is triable after it is filed, the court must order the prosecution to be dismissed, unless good cause to the contrary be shown."

By reason of the above, the case of Davidson v. State, 82 Okla. Cr. 402, 171 P. 2d 640, cited by petitioner, is inapplicable in that in that case the defendant was arraigned in a superior court on March 18, 1943, was ordered held without bond, and was held in solitary confinement in the State Penitentiary until January 26, 1944. He was tried February 15, 1944. At that time, it is said in the opinion, the trial judge stated for the record that there were four terms of court per year, one in January, the next in April, one in July, and the next beginning in October. (See Tit. 20 O.S. 1951 § 147.1, where in 1951 the terms were changed to two per year). So that in the Davidson case three terms of court expired after the incarceration of accused, and a fourth commenced before he was tried. The state was required, under such circumstances, to meet the burden of interposing a valid reason to justify such delay, and the state did not meet the burden, so that a new trial was granted.

Petitioner complains that he should have been permitted to serve his two year sentence first, but that he was booked in at the penitentiary on the robbery with firearms case first. It is asserted that he has already served his sentence on the burglary case, and that such time should also be credited on the robbery

with firearms conviction. If it is meant that the time spent in jail awaiting trial should be credited on either of the convictions, such is not the law. The time spent in jail awaiting trial or sentence cannot, in absence of statute, be considered a part of any judgment subeqeuently pronounced, and is not embraced within any penalty imposed. Ex parte Tartar, 94 Okla. Cr. 103, 231 P. 2d 709.

The two convictions were in different courts during different terms and could not, of course, be served concurrently. Each of the judgments must be satisfied separately. Ex parte Smith, 33 Okla. Cr. 175, 242 P. 284; Ex parte Tillman, 81 Okla. Cr. 332, 164 P. 2d 649.

While it is true that the time that petitioner has served should first be credited on his conviction in the burglary case, and after the judgment in that case is satisfied, then the time served after that should be credited on his last conviction in the robbery with firearms case, still, the fact that the warden has not handled these cases in order, Tit. 21 O.S. 1951 § 61; Tit. 22 O.S. 1951 § 976, if such be true, would be an administrative matter subject to correction. In re Baldridge, 93 Okla. Cr. 1, 224 P. 2d 608, and cases cited. No evidence by way of photostat of the records, or copy of same have been attached to the petition. Such, if true, would not entitle the petitioner to release, for the purpose of the writ of habeas corpus is to determine the legality of the restraint of an individual, and the writ will not issue where the petitioner is being held pursuant to unsatisfied judgment pronounced against him. Ex parte Grimes, 92 Okla. Cr. 87, 221 P. 2d 679.

Complaint is made of the style of the charge; that is, the charge set out in the descriptive label to the information, and presumably in the body thereof, and being: "Robbery with Firearms after a Former Conviction of a Felony". No copy of the information or transcript is attached to the petition, so that we have no knowledge of the contents of the information. It is alleged that the charge tends to bring in issue the character of the petitioner, which constitutes error in that the penalty for armed robbery, standing alone, may be death. Under a proper charge, where the accused would either be guilty of acts that would require not less than the death penalty, on conviction, then the contention advanced would be correct. See Johnson v. State, 79 Okla. Cr. 71, 151 P. 2d 801, where the subject is exhaustively treated.

While the maximum penalty for robbery with firearms, under Tit. 21 O.S. 1951 § 801 could be death, the minimum penalty of five years might be assessed. But in the within case, section 801 above, must be construed in connection with sections 51 and 52 of the same Title. Apparently the charge was filed under sections 801 and 51, subd. 1, The last reference reads:

"Every person who, having been convicted of any offense punishable by imprisonment in the penitentiary, commits any crime after such conviction, is punishable therefor as follows:

"1. If the offense of which such person is subsequently convicted is such that upon a first conviction an offender would be punishable by imprisonment in the penitentiary for any term exceeding five years, such person is punishable by imprisonment in the penitentiary for a term not less than ten years. * * *"

Thus, under the charge to which the defendant entered a plea of guilty he could not have been assessed less than ten years confinement in the State Penitentiary, but there was the comforting advantage that he could not be assessed the death penalty. See Salisbury v. State, 80 Okla. Cr. 13, 156 P. 2d 149; In re Bibbins, 82 Okla. Cr. 234. 168 P. 2d 311. Wherefore, the defendant escaped the possibility of the penalty possible if no mention had been made of the prior conviction for a felony. This may or may not have turned out favorable if a jury had fixed the punishment, but the fact of the assessment by the court of a penalty near the maximum would indicate that it did not work to petitioner's disadvantage.

The purpose of the habitual criminal statute, Tit. 21 O.S. 1951, §§ 51, 52, is to authorize infliction of greater punishment where one accused of crime is found guilty of committing a second or subsequent offense. "Habitual criminality" is a state, and not a crime. Under the particular situation as in this case, the setting up of the prior conviction of a felony would seem, therefore, to have been ill advised, but if so, the mistake was in favor of the defendant. The petitioner sets out no facts to entitle him to discharge on account of the nature of the charge alleged to have been stated in the information. Johnson v. State, supra.

The matters set out in the petition being insufficient to entitle the petitioner to a writ of habeas corpus and release from the State Penitentiary, the demurrer of the state must be sustained.

The writ is denied.

JONES and BRETT, JJ., concur.