# Ex parte KIRK.

No. A-11912.   May 27, 1953.

(257 P. 2d 1104.)

Hall & Cotten, Oklahoma City, for petitioner.

Mac Q. Williamson, Atty. Gen., and Owen J. Watts, Asst. Atty. Gen., for respondent.

BRETT, J.   This is a petition for writ of habeas corpus brought by Bill Kirk, an inmate of the State Penitentiary at McAlester, Oklahoma.   Therein he alleges he is unlawfully restrained of his liberty by reason of two certain judgments and sentences rendered against him in the district court of Pittsburg county, Oklahoma, on charges of escape.   The said judgments he contends are void for vagueness, indefiniteness and uncertainty in that both of said judgments provide that the "said term to begin at and from incarceration".

To the petition the State of Oklahoma made response alleging that the said sentences had not been fully performed.   Therein it is set forth that the petitioner was originally sentenced from the district court of Tulsa county, Oklahoma, for the crime of robbery for which a 35 year imprisonment was imposed, the same being entered on October 10, 1931.

The response further alleges that while the petitioner was serving the 35 year sentence he escaped on May 21, 1941, and was returned to the State Penitentiary on April 3, 1942, and was charged in the district court of Pittsburg county with the offense of escape, plead guilty, and was sentenced thereon on November 11, 1943, to a term of 2 years, confinement "to begin from incarceration".

It is further alleged in the response that the petitioner thereafter escaped from the penitentiary on May 2, 1945, and was later returned to the penitentiary on November 12, 1948, and was charged in the district court of Pittsburg county, Oklahoma, with the crime of escape, plead guilty in the district court of Pittsburg county, Oklahoma, and was sentenced to 2 years imprisonment in the penitentiary on September 1, 1949, confinement "to begin from incarceration".

It is further alleged that the judgment and sentence imposed in Tulsa county, Oklahoma, for robbery for 35 years did not expire until October 4, 1952, at which

time the petitioner was re-billed into the State Penitentiary on the second and third convictions for escape to run consecutively, and that the petitioner is now serving the first of said sentences.

It is further alleged in the response that no jurisdictional matters are raised in the petition, and that all objections herewith presented should have been raised by appeal.

It clearly appears that the district court of Pittsburg county, Oklahoma, in imposing both of said judgments and sentences for escape on pleas of guilty had jurisdiction to pronounce the judgments and sentences rendered against the defendant. It is evident from the petition that no jurisdictional questions are raised and that the only objection that is raised in the petition is as to the matter of form of the judgment. Moreover, it clearly appears that the trial court did not commit any act to cause it to lose jurisdiction either by denial of defendant's rights or in pronouncing judgments in excess of its jurisdiction. Title 21, § 443, O.S. 1941. The trial court had jurisdiction of the subject matter, jurisdiction of the person of the petitioner and authority under the law to enter the judgments and sentences rendered. Nothing more was required for the pronouncement of a valid judgment and sentence. Ex parte Barber, 87 Okla. 201, 196 P. 2d 695; Ex parte Hall, 91 Okla. Cr. 11, 215 P. 2d 587; In re Schecter, 94 Okla. Cr. 85, 231 P. 2d 411; Ex parte Thompson, 94 Okla. Cr. 344, 235 P. 2d 955; Ex parte Davenport, 95 Okla. Cr. 140, 241 P. 2d 429.

Hence, the only point that is left is the effect of the language employed in the judgment fixing the commencement of sentence from date of incarceration. This contention is without merit. It has been held by this court that the time for commencement of judgment is not one of its essential elements. Ex parte Halbert, 45 Okla. Cr. 167, 282 P. 478. See, also, Ex parte Rice, 48 Okla. Cr. 28, 289 P. 360; Ex parte Edwards, 88 Okla. Cr. 433, 204 P. 2d 547. Moreover in Ex parte Halbert, supra, it was held:

"Where there are one or more convictions and judgments thereon, the accused should be incarcerated upon the first conviction under which he is apprehended and delivered for imprisonment for the period of time therein named, followed by confinement for the fine and costs if same are not paid. At the end of that period of confinement, the imprisonment should commence upon the second conviction and terminate in like manner and so on."

It is apparent therefore that the time for commencement of the sentence under the authorities of the State of Oklahoma was mere surplusage. But it is contended by the petitioner that the warden's return on the first judgment shows he was received on said first escape conviction, judgment and sentence on November 17, 1943, and that he was received on the second escape conviction, judgment and sentence on September 7, 1949, and that therefore he was incarcerated under the said judgments and sentences and the said sentences began to run and have been served. To give effect to the petitioner's contention that the sentences have been served, they would have to have run concurrently with the 35 years sentence for robbery imposed in Tulsa county, Oklahoma. This they could not do since they were pronounced at different times, and the judgments and sentences did not make any provision for concurrent serving with any other judgment and sentence. Ex parte Halbert, supra. In Ex parte Pierce, 88 Okla. Cr. 150, 200 P. 2d 777, in addition to following the rule in the Halbert case, it was said:

"Where one is convicted and sentenced to serve a term in the State Penitentiary or State Reformatory, and while serving such term escapes and commits other crimes, he may be sentenced for the conviction of such crimes and the punishment may commence at the termination of the previous sentence."

It is apparent therefore that the commencement of time for the running of the sentences complained of not being an essential part of the judgment and sentence, the said judgments and sentences could not be void for vagueness and indefiniteness since they clearly fixed the time and the place of service of the sentences and are therefore valid judgments and sentences. Moreover, it is apparent said judgments and sentences not being concurrent but consecutive sentences, they can only be discharged by the service thereof in successive manner. Ex parte McCollum, 90 Okla. Cr. 153, 212 P. 2d 161; Ex parte Edwards, 88 Okla. Cr. 433, 204 P. 2d 547; Ex parte Pierce, supra. And under the law said judgments and sentences should be served in the order of their imposition since the same are not invalid judgments and sentences. Ex parte Pierce, supra; Ex parte Edwards, supra; Ex parte McCollum, supra; Ex parte Halbert, supra. It is apparent that incarceration would not begin on the subsequent sentences until the expiration of the next preceding sentence. For all the above and foregoing reasons, the writ of habeas corpus is accordingly denied.

POWELL, P. J., and JONES, J., concur.