**O. L. FOLSOM, Petitioner,**

v.

**Robert R. RAINES, Warden, Oklahoma State Penitentiary, Respondent.**

**No. A–12934.**

Court of Criminal Appeals of Oklahoma.

Nov. 16, 1960.

O. L. Folsom, pro se.

Mac Q. Williamson, Atty. Gen., Owen J. Watts, Asst. Atty. Gen., for respondent.

BRETT, Judge.

This is an original action by petition for habeas corpus brought by O. L. Folsom, petitioner, against the State of Oklahoma and the warden of the state penitentiary. The petitioner complains that he has been unlawfully restrained of his liberty by the reason of the following facts: It is alleged that on October 9, 1955 the petitioner was imprisoned in the State penitentiary on a sentence of 2 years for the crime of forgery in the second degree upon conviction in Tillman County, Oklahoma. While serving this sentence a hold order was placed on him for another charge of second-degree forgery in Tillman County. Upon release from the penitentiary he was taken into custody by the sheriff of Tillman County and returned to said county where he entered a plea of guilty to the said charge, and was given a 2 year suspended sentence. That on November 13, 1958 he further alleges that he was received at the Oklahoma State penitentiary from Stevens County, Oklahoma, upon conviction and sentence of 5 years for second forgery. He further alleges that shortly thereafter the Tillman County authorities obtained a revocation of

the suspended sentence and a detainer was placed against petitioner therefor.

It is the contention of petitioner that the 2 year suspended sentence imposed upon him in Tillman County was illegal and void inasmuch as the petitioner was not entitled to a suspension thereof for the reason that he had served a previous term or terms in the penitentiary and was not eligible under the law for a suspended sentence.

To this petition the state of Oklahoma has made response to the effect that the petitioner is not entitled to habeas corpus as against the Tillman County revocation of the suspended sentence therein imposed, for the reason that he is now serving a term of five years for second-degree forgery in Stephens County, the invalidity of which he does not now assert.

Under the facts alleged the petitioner is not entitled to release by habeas corpus for two reasons: First, he is in no position to complain that the trial court suspended his sentence to which he was not entitled since the error thereby committed was in the nature of a benefit and not prejudicial to any of his rights.

"Suspension of defendant's sentence, although his previous record of conviction was such, unknown to the trial court, that suspension was prohibited by statute, was an error in defendant's favor, and he could not, after revocation of suspension, question court's authority to suspend sentence." Mesmer v. Raines, Okl.Cr., 351 P.2d 1018.

Secondly, it has been repeatedly held that where petitioner stands committed on an unsatisfied judgment other than the one upon which he seeks his release by habeas corpus that the writ of habeas corpus will be denied. Ex parte Tollison, 73 Okl.Cr. 38, 117 P.2d 549. Ex parte Adams, 39 Okl.Cr. 334, 265 P. 147:

"Where an inmate of the penitentiary is confined on a valid judgment and sentence from one county, and, while so incarcerated, a judgment and sentence from another county is delivered to the warden, he cannot test the validity of the latter judgment and sentence by Habeas Corpus until the expiration of the valid judgment and sentence."

The writ sought herein is therefore denied.

POWELL, P. J., and NIX, J., concur.