Per Curiam.

The primary contention of appellant is that the imposition of the sentence for escape automatically terminated the sentence he was serving for rape.
He bases this argument on the provisions of the escape statute, Section 2901.11, Bevised Code, when read in conjunction with Section 2965.35, Bevised Code, relating to when one is eligible for parole when serving consecutive sentences. The pertinent parts of these sections on which appellant bases his argument are as follows*.
*66 Section 2901.11, Revised Code, relating to escape, provides in part as follows:
“Whoever violates this section shall be imprisoned in jail or a workhouse not more than six months or in the penitentiary not less than one nor more than five years. Such additional imprisonment shall be served at the conclusion of any existing confinement of such violator. ’ ’
Section 2965.35, Revised Code, relating to parole, reads in part as follows:
“A person serving several indeterminate sentences consecutively shall become eligible for parole upon the expiration of the aggregate of the minimum terms of his several sentences less the diminution of minimum sentence provided for in Section 2965.31 of the Revised Code.”
Apparently it is appellant’s contention that Section 2965.35, Revised Code, commands that one or more sentences shall be served concurrently, and that, since Section 2901.11, Revised Code, provides that a sentence for escape can be served only after the termination of other commitments, the two statutes are in conflict and contravene the Ohio Constitution as to uniform operation of the law, unless it be held that the prior sentences are terminated by the sentence for escape.
The appellant’s argument in this respect is without foundation. Section 2965.35, Revised Code, does not relate to the actual sentencing of a defendant for his crimes. It does not provide the manner in which sentences shall be imposed but relates only to the eligibility of a prisoner for parole. The section itself recognizes that sentences may be consecutive inasmuch as it is concerned strictly with parole of prisoners who are serving consecutive sentences. It in no way provides that sentences must run concurrently. The provision in this section that one becomes eligible for parole on the expiration of the aggregate of the minimum terms of his various sentences does not mean that such consecutive sentences are running concurrently. It means only that for the purpose of parole, where there are consecutive sentences, the minimum sentence for each crime will be the determinative factor. In other words, it will be deemed that a defendant has been sentenced for a series of fixed minimum terms for the purpose of parole.
*67 Whether a sentence shall rnn concurrently or consecutively with other sentences is ordinarily within the discretion of the trial court. However, with regard to a sentence for escape, no *mch discretion is imposed in the trial court; it is mandatory under Section 2901.11, Bevised Code, that the sentence begin to run after the conclusion of existing confinement of the defendant. See Application of Tinsley, 2 Cal. Rep., 642; and Ex parte Kirk, 97 Okla. Cr., 57.
The fact that a sentence is imposed by a court does not mean that it begins to run immediately. If this were so it would be impossible for a court to impose consecutive sentences for various crimes since the imposition of one would nullify all others. It is clear that a court has the power to impose consecutive sentences. Henderson v. James, Warden, 52 Ohio St., 242. In fact it is well settled that in the absence of an affirmative act by the court multiple sentences run consecutively and not concurrently. A provision that sentences shall run concurrently is actually in the nature of a reward. The General Assembly, in the escape statute, has provided that an escapee is not entitled to such a reward and has imposed a mandatory consecutive sentence for an escape.
In other words, the imposition of a sentence for escape under the provisions of Section 2901.11, Bevised Code, does not have the effect of terminating the sentences on which a prisoner is presently confined, but under the very terms of the statute such sentence does not commence to run until the expiration of his present confinement.
Appellant claims further that, since the prison authorities did not assign him a new serial number when he was returned to the penitentiary after his conviction for escape, his escape conviction is nullified and he is entitled to release.
The argument of appellant is based on his contention that his escape sentence terminated all prior sentences and he is now serving only his time for escape. As we have shown above, this is not the fact. However, even if it were, the fact that he was not assigned a new serial number would not affect the validity of his confinement, since such confinement is based on the sentence of the court and not on the administrative assignment of a serial number.
*68 There being no error in the judgment of the Court of Appeals, it is hereby affirmed.

Judgment affirmed.

Taft, C. J., Zimmerman, Matthias, O’Neill, Griffith, Herbert and Gibson, JJ., concur.