Per Curiam.

Petitioner in the instant ease raises no jurisdictional questions. He attacks neither the validity of his indictments nor the jurisdiction of the trial court. He does not argue that he was deprived of any of his constitutional rights.
Petitioner’s sole contention is based on the fact that his sentence for escape was made to run concurrently with his sentences on the other charges against him. He argues that, inasmuch as Section 2901.11, Revised Code, provides that the sentence imposed for an escape shall be served at the conclusion of any existing confinement, and since under the sentence imposed by the court he is serving his sentence for escape, it necessarily follows that the sentences on his other indictments have been terminated.
Ordinarily it is within the discretion of the trial court whether sentences shall run consecutively or concurrently, but such is not the fact as to sentences for escape. The terms of Section 2901.11, Revised Code, are mandatory, and a trial judge has no power to provide that a sentence for escape shall run concurrently with other sentences. Such provision in a sentence is surplusage and must be disregarded. See Application of Tinsley, 2 Cal. Rep., 642; and Ex parte Kirk, 97 Okla. Cr., 57.
Once a sentence has been imposed by a court it can be terminated only in accordance with the provisions of the statutes. Error by the court in the imposition of a sentence for another crime can have no effect on sentences previously or simultaneously imposed.
Here, the trial court had a mandatory duty imposed on it by statute to provide that the sentence for the escape commence to run after the termination of the other sentences imposed on the petitioner. The fact that it erroneously provided that such sentence should run concurrently with petitioner’s other sentences did not terminate such other sentences. The trial court had no such power. See In re Smith, 162 Ohio St., 58, as to the effect of the erroneous imposition of a fixed instead of a a'eneral sentence.
*146 Thus, where a sentence for an escape is imposed and made to run concurrently with a defendant’s sentences for other crimes, contrary to the provisions of Section 2901.11, Revised Code, such act does not terminate the other sentences but that part of the sentence providing for the concurrent running of the sentence is invalid and inoperative and must be disregarded. The sentence must be treated as though it had been imposed to commence after the termination of the defendant’s other sentences.
The petitioner in the instant case has shown no denial of his constitutional rights nor any lack of jurisdiction of the trial court over either his person or the subject matter of the crime.

Petitioner remanded to custody.

Taft, C. J., Zimmerman, Matthias, O’Neill, Griffith, Herbert and Gibson, JJ., concur.