PETITION OF PAUL C. MARCUS.

No. 11634.
Decided Feb. 28, 1969.
451 P.2d 831

Paul C. Marcus pro se.

## MEMO OPINION

PER CURIAM:

Paul C. Marcus, an inmate of the Federal Penitentiary, Mc-Neil Island, Washington, appearing pro se, has filed with this Court a petition seeking the issuance of a writ of habeas corpus and dismissal of illegal detainer warrant.

The records of the Montana State Prison disclose that Marcus was sentenced to a term of 5 years for the crime of robbery from Missoula County, Montana, and was received at the prison on February 8, 1966. On February 18, 1967, he and another

inmate escaped, taking with them a Ford pickup which was the property of the State of Montana. They were apprehended in the State of Idaho and charged in the Idaho United States District Court with interstate transportation of a stolen motor vehicle, to which charge Marcus entered a plea of guilty and was sentenced to a term of 5 years in a federal institution.

On February 20, 1967, a warrant of arrest charging the crime of escape was issued in the justice court of Cottonwood Township, Powell County, Montana, and detainer was later filed with the federal penitentiary. At the time Marcus escaped he still had 3 years, 11 months and 20 days left on his sentence to the Montana State Prison.

Petitioner states that on or about October 17, 1968, an information was filed by the county attorney for Powell County, Montana, in the district court for that county, charging him with the crime of escape.

While petitioner contends that the State of Montana should have exercised first priority to him following his arrest in Idaho he overlooks the fact that he was then in custody of the federal authorities and charged with the commission of a felony under the laws of the United States and that he entered a plea of guilty, thereby not permitting his return to the Montana State Prison to serve the remainder of the sentence under which he had been confined. There was no surrender of Marcus by the State of Montana to any other state or to the United States.

Insofar as petitioner seeks a speedy trial it would appear that no possible purpose can be served in that regard. When petitioner has completed service of his present sentence he must return to the Montana State Prison and complete the sentnce from which he escaped. What this Court said in In re Petition of Wells, 139 Mont. 611, 612, 362 P.2d 420, is applicable here and we quote:

"Section 94—4203, R.C.M.1947, provides:

" 'Escapes from state prison—punishment. Every prisoner confined in state prison for a term less than for life, who escapes

therefrom, is punishable by imprisonment in the state prison for a term of not less than one year nor more than ten years; *said second term of imprisonment to commence from the time he would have otherwise been discharged from said prison.'* Emphasis supplied.

"It is apparent that petitioner upon his return to the Montana State Prison will be an inmate therein for a considerable period of time, and that upon such return he may receive a speedy trial upon the escape charge, therefore we deem the present application to be premature. Should he not be given a speedy trial upon his return to the Montana State Prison to complete his unexpired sentences this court will be available for a further application by petitioner."

For these reasons the writ sought is refused and the dismissal denied.