Jerry Wayne **FOX**, Petitioner,

v.

Ray H. **PAGE**, Warden and/or the State of Oklahoma, Respondents.

No. A–16749.

Court of Criminal Appeals of Oklahoma.

Aug. 30, 1971.

Jerry Wayne Fox, pro se.

Larry Derryberry, Atty. Gen., for respondents.

BUSSEY, Presiding Judge.

Jerry Wayne Fox, hereinafter referred to as Petitioner, has filed a Writ of Mandamus in this Court seeking to raise the same issues as presented in a Writ of Mandamus filed in the District Court of Pittsburg County. The Honorable Robert J. Bell, Judge of the District Court of Pittsburg County, entered an advisory opinion and Order Denying Relief, on March 3, 1969, a copy of which was mailed to this Court.

We have examined the Advisory Opinion of Judge Bell, and hereby commend him for the diligent manner in which he thoroughly and meticulously answered all of Petitioner's allegations, and adopt his Advisory Opinion.

We deem it unnecessary to recite the Order Denying Relief and/or Advisory Opinion, but attach hereto a copy of said Order which is incorporated by reference.

The Writ of Mandamus is accordingly denied.

NIX and BRETT, JJ., concur.

## APPENDIX

State of Oklahoma

County of Pittsburg     SS:     In the District Court

Jerry Wayne Fox, # 74750 OSP     Petitioner,

vs

Ray H. Page, Warden and/or
The State of Oklahoma     Defendants.

NO. C-69-34

### ORDER DENYING RELIEF

This is a petition for Writ of Mandamus directed against the Warden. Contrary to a Writ of Habeas Corpus it is encumbent upon the petitioner to issue summons. 12 O.S.A. § 153 effective May 18, 1967. Such has not been done. Nonetheless, this Court, following the procedure of the Court of Criminal Appeals in some other cases, has heard cases of this type and issued Advisory Opinions. Such is done herein.

Plaintiff says that he is serving a ten year sentence at present for the crime of

Robbery with Firearms, A.F.C. from Tulsa County. On April 19, 1964, he was received at the Oklahoma State Penitentiary and billed in as No. 70100 to begin serving a 7 year sentence for car larceny. He was paroled October 24, 1966, which parole was revoked because of the aforesaid Robbery charge, and he was sent back to the penitentiary to serve the remainder of the 7 year term on which he was billed as # 70100.

He pleads he was next received at the prison and billed in as # 74750 on the ten year Robbery term. He pleads this is prejudicial, citing the Baldridge case, 93 Okl.Cr. 1, 224 P.2d 608, and further citing the ruling of this Court in the Linebarger case. Since the Linebarger case came down it has been modified in two particulars:

(1) That where no prejudice results to petitioner, it is not necessary to re-book him.

(2) That where the inmate is received on a new conviction before the parole revocation, he must serve the second sentence first.

Syllabus 1 of Leniger v. Page, Warden, decided January 15, 1969, and appearing at page 75 of The Journal of January 18, 1969, Okl.Cr., 449 P.2d 899, reads as follows:

"1. A penitentiary inmate who was paroled in 1960 from his life sentence on a 1939 murder conviction who is presently serving a fifteen year sentence on a 1963 rape conviction must serve the remainder of the life sentence after the completion of the fifteen year sentence where the parole of the life sentence was revoked after his return to the penitentiary on the fifteen year sentence."

Investigation at the prison discloses the following: Two weeks ago the prison received a policy ruling from Mr. Pontesso as follows:

"Inmates on parole who are returned shall be deprived of any credit earned up to that time including good time, blood time, work time and further be deprived of initial jail time credit. This is effective immediately."

In this case Fox has been given credit for initial jail time on the 7 year sentence for Larceny of Auto. This can be changed around and show he was re-billed in under # 70110 to serve the balance of the 7 year term—but if this is done he would have to be deprived of all credit earned prior to revocation and it would stretch the ten year sentence out. The plaintiff or petitioner would have longer time to serve.

Petitioner would not be eligible for parole anyway as in July he received a further two years for escape and has had some 60 days taken away from him for infractions of the rules.

Therefore, it appearing that petitioner would suffer detriment, rather than gain, by re-booking and re-billing, it is an act of mercy to render an Advisory Opinion denying his petition and dismissing the case.

Writ denied and cause dismissed.

Dated this 3rd day of March, 1969.

s/ ROBERT J. BELL,
DISTRICT JUDGE

Copies to:

Warden Ray H. Page

Petitioner

James B. Martin, D. A.

Hon. Tom Brett, Presiding Judge,
Ct. of Cr. Appeals