James Willard HEARN, Plaintiff and Appellant,

v.

STATE of Utah, State Attorney General, Defendant and Respondent.

No. 16940.

Supreme Court of Utah.

Dec. 3, 1980.

Clinton S. Judkins, Tremonton, for plaintiff and appellant.

Robert B. Hansen, Atty. Gen., Craig L. Barlow, Asst. Atty. Gen., Salt Lake City, for defendant and respondent.

CROCKETT, Chief Justice:

James Willard Hearn filed a petition for a writ of habeas corpus in the First District Court. The important fact to be noted is that the court adopted the position asserted by the state: that because the petitioner was not presently imprisoned in the State of Utah, the court had no jurisdiction and dismissed the petition specifically on that ground.

Petitioner appeals, urging that he has a right to a determination as to the validity of a detainer pending against him which will require his return to Utah after he is released from the federal prison in Marion, Illinois.

In 1970, the petitioner was serving a sentence in the Washington State Prison at Walla Walla. On July 20, 1970, he was served with a Utah warrant for his arrest and was released to the sheriff of Box Elder County pursuant to the Interstate Agreement on Detainers [1] for the purpose of standing trial on a charge of robbery pending against him in Utah. Upon his trial and conviction of that charge by a jury, he was sentenced to a term in the Utah State Prison. Thereafter, the Washington authorities requested that petitioner be returned to Washington to continue serving his sentence there. That request was complied with and a detainer was placed there for his return to serve his sentence in Utah after he had completed the one in Washington.

In April, 1976, the petitioner was transferred from the Washington State Prison to the United States Penitentiary in Marion, Illinois. The Utah authorities similarly

filed a detainer there. Petitioner attacks the validity of the proceedings delineated above.

It is recognized that our Utah courts have no power to affect the terms or conditions of the petitioner's confinement in the federal penitentiary. However, we have not been requested to do so. The petition before us asks only that we review the proceedings which led to the placing of the Utah detainer in petitioner's file in the federal system. If this petition were granted, it would be directed not to federal officials, but to our own state officials.

Petitioner urges that the placement of the Utah detainer is without validity and that it adversely affects him because, if it were not for the Utah detainer, he would presently be eligible for parole; and that this constitutes an unjust restraint upon his liberty, which is remediable under the writ of habeas corpus.[2]

We are aware of cases which hold that such a remedy is not available in the courts of a state unless the alleged imprisonment or restraint takes place in that state.[3] But there are also respected authorities which hold that where it is alleged that the action of the forum state (in this instance, Utah) constitutes a substantial restraint upon the liberty of the petitioner, he is entitled to an adjudication thereon, even though he is imprisoned in the foreign state (in this instance, Illinois). This is in accord with the vital principle that all courts should be open for the protection of rights and the redress of wrongs.[4]

The case of In re Shapiro [5] dealt with a prisoner in the United States Penitentiary in the State of Washington upon whom there was a California detainer. The Supreme Court of California recognized that

---

1. U.C.A.1953, Sec. 77–65–4.

2. Rule 65(B)(f) of the Utah Rules of Civil Procedure provides that:

    Appropriate relief by habeas corpus proceedings shall be granted whenever it appears to the proper court that any person is unjustly imprisoned or otherwise restrained of his liberty.

3. See, e. g., Petition of Marcus, 152 Mont. 389, 451 P.2d 831 (1969); Ex parte Ward, 97 Okl.Cr. 60, 257 P.2d 1099, cert. denied Ward v. Waters, 346 U.S. 879, 74 S.Ct. 133, 98 L.Ed. 386 (1953).

4. See Art. I, sec. 11, Utah Constitution.

5. 122 Cal.Rptr. 768, 537 P.2d 888 (1975).

the detainer was itself a restraint upon petitioner's liberty sufficient to justify adjudication of the challenge to its merits by the California court.[6]

In the case of *Braden v. Thirtieth Judicial District of Kentucky,*[7] the United States Supreme Court, in a similar fact situation, stated that the warden of the custodial state (Alabama) acts as the agent for the non-custodial state (Kentucky) in holding an inmate pursuant to the detainer; and that, thus, the inmate is in custody for the purposes of a habeas corpus petition questioning the validity of the detainer of the non-custodial state.

We are in agreement with the views expressed in the authorities just cited. In accordance therewith, it is our opinion that where a person is held under a judgment and/or a detainer, even though he is presently held in a foreign state, if he makes a bona fide claim of invalidity, our district court has both jurisdiction and the duty to consider and determine the merit or lack of merit of his petition.

We do not presume to suggest what the outcome will be: whether upon such examination the court may be justified in ruling summarily that it is without merit, or otherwise. What we do conclude is that the court is not without jurisdiction and that the petition should not have been summarily dismissed on that ground. Accordingly, it is necessary that this case be remanded for further proceedings. No costs awarded.

WILKINS, HALL and STEWART, JJ., and MAURICE HARDING, Retired District Judge, concur.

MAUGHAN, J., does not participate herein.

---

**6.** For similar cases, see *Jones v. Cunningham,* 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963); *Meadows v. New York,* 426 F.2d 1176 (2nd Cir., 1970).

**7.** 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973).